NEW-YORK,
Nov 1810.

D. RUSSELL *against* T. TURNER, Sheriff, &c.

RUSSELL
*v.*
TURNER.

THIS was an action on the case for an *escape*. The cause was tried the 18th *October*, 1809, before Mr. Justice *Spencer*.

It was proved at the trial, that a *capias ad respondendum*, returnable the second *Monday* of *November*, 1806, was delivered to the defendant, against one *Abel Turner*, *Sylvester Russell and John Martin*, at the suit of the plaintiff. *Abel Turner* alone was arrested and held in custody by the sheriff, and the other two defendants were returned not found. The plaintiff produced an exemplification of the record in the cause, by which it appeared, that a judgment had been obtained in *November* term, 1806, on the confession of *Abel Turner*, for 871 dollars and 36 cents, and which was signed and docketed the 20th *December*, 1806. A *test ca. sa.* was issued on the judgment, directed to the sheriff of *Rensselaer*, and returned in *November* term, 1807, "not found." The plaintiff also proved, by the indenture between the defendant and *L. Lansing*, his successor in office, that the name of *Abel Turner* was not inserted among the names of the prisoners delivered over to the new sheriff; and it was admitted, that he was not delivered over by the defendant to his successor in office.

The defendant then proved, that about the 26th *November*, 1809, *Abel Turner* was arrested at the suit of the plaintiff, in *Washington* county, while on his way into *Vermont*, which was the place of his residence; *Abel Turner* then gave a *cognovit* for 871 dollars and 39 cents, on which the plaintiff relinquished to him a tract of land in *Vermont*, which he had received of the plaintiff as security, and which a witness testified, the plaintiff admitted was of more value than the debt; and the plaintiff then gave him a receipt in full of all demands,

*In an action on the case against a sheriff for an escape, on mesne process, the plaintiff can recover damages only for what he has lost by the escape, and the jury may find such damages as they may think the plaintiff has sustained, under all circumstances.*

*If the plaintiff, having real and competent security from the defendant for his debt, relinquish it, after knowledge of the escape, the sheriff, in an action against him, may avail himself of this fact in mitigation of damages; and where the jury, in such a case, gave nominal damages only, the court refused to set aside the verdict.*

*Whether, if the plaintiff had retained the security for the debt, the defendant could have availed himself of that fact, in his defence to an action for an escape? Dubitatur.*

except the suit in *Rensselaer* county. It was agreed that the execution was to be stayed for one year ; and the plaintiff said he meant. to charge the sheriff of *Rensselaer* county.

*A. Turner* was arrested by the sheriff of *Rensselaer*, and gave a bond the 5th *November*, 1806, for the liberties of the gaol; when he was arrested, he admitted that he owed the plaintiff about 800 dollars. He soon afterwards escaped, and went to *Vermont*. It was supposed there was a mistake in the name of one of the defendants in the writ on which he was arrested, and some evidence was offered to show the fact, but it was considered by the judge as wholly insufficient.

It appeared, that a notice had been given to the plaintiff in the suit against *A. Turner* and others, on the 5th *November*, 1806, to show cause before the Chief Justice why the defendant should not be discharged on common bail. This evidence the plaintiff objected to, as inadmissible, but the objection was overruled by the judge; who charged the jury, that the plaintiff ought not to recover more than the actual damages which he had sustained, of which the jury were to judge, and in the estimation of which they had a right to take into consideration all the circumstances of the case. The jury found a verdict for the plaintiff for *six cents* damages.

A motion was made to set aside the verdict and for a new trial; 1. Because the judge admitted improper evidence; 2. For the misdirection of the judge; 3. Because the verdict was against evidence.

*Allen* and *Z. R. Shepherd*, for the plaintiff. In actions for an *escape*, on *mesne* process, the true inquiry is, what has the plaintiff lost.* He is entitled to recover the whole sum due to him in the original action. This rule is strictly enforced against sheriffs, who cannot avail themselves of any circumstances to avoid their responsibility, except the payment of the debt, or the insol-

* *Potter* v. *Lansing*, 1 *Johns. Rep.* 215. *Rawson* v. *Dole*, 2 *Johns. Rep.* 454. *Gabel* v. *Perchard*, 2 *Anst. Rep.* 522. 3 *Anst. Rep.* 676.

4

vency of the debtor. The sheriff could not set up, by way of defence in this action, any security which the plaintiff may have taken; neither can he avail himself of the fact of giving such security, nor of any agreement between the parties, made after he became liable for the escape. There was no evidence of any fraud on the part of the plaintiff. No fraud was pretended at the trial; nor did the judge take notice of any such suggestion. It does not appear for what cause *Abel Turner* was arrested in *Washington* county. It may have been for another debt. The jury gave the plaintiff mere nominal damages; when, by law, he was clearly entitled to the whole of his original debt.

*Foot*, contra. The plaintiff in this action is entitled to recover no more than what he had actually lost, at the time of the trial. There was no evidence of a debt due. The *cognovit* given under the circumstances of the case, proves nothing. It was an arrangement between the plaintiff and defendant in the original action, solely for the purpose of charging the sheriff with the payment of the money, in an action for the escape. It was a fraud on the sheriff. When the plaintiff has taken real and adequate security for his debt, the court, on motion, will discharge the defendant on filing common bail. If the plaintiff chooses, afterwards, to relinquish his security, he does it in his own wrong; he cannot resort to the sheriff.

In an action of *tort*, sounding in damages, a new trial is not granted, because the damages found by a jury may be thought too little or too much.

THOMPSON, J. delivered the opinion of the court. This is an action on the case, brought against the sheriff for the escape of a prisoner, in custody on *mesne* process, and the question now before the court is, whether it was competent for the sheriff to show that the plaintiff

had, after he knew of the escape, relinquished to the prisoner real security for the debt, which he held in the state of *Vermont*, with a view to recover his demand from the sheriff.

The true question in cases of this kind is, what has the plaintiff lost in consequence of the escape? (1 *Johns. Rep.* 223. 2 *Johns. Rep.* 454.) The jury are not confined to the exact damages in the final judgment, or to the amount of the plaintiff's demand, but have a power and discretion to assess such damages as they shall suppose the plaintiff has sustained, under all circumstances. (2 *Wils.* 295.) This is a doctrine well settled, both in our own and in the *English* courts; and, according to which, I see no objection to the competency of the evidence offered in this case. The value and extent of this security was a proper subject for the consideration of the jury, and could the plaintiff have shown it to be worth little or nothing, it would not have mitigated the damages. As the testimony, however, appeared before the jury, it was sufficient to pay the plaintiff's demand. It is admitted by the plaintiff's counsel, and, indeed, could not be denied, that the insolvency of the prisoner, or payment of the demand by him, could be given in evidence in mitigation of damages. On what principle could this be done? None other, certainly, than to show how far the plaintiff had been, or was likely to be damnified. If the prisoner had deposited with the plaintiff a sum of money to satisfy his demand, when ascertained by judgment, and the plaintiff, on discovering that an *escape* had been made, had surrendered up the money, could it be doubted that the sheriff might avail himself of it in mitigation of damages? Or, suppose the suit upon a bond which was secured by mortgage on real property, and the creditor, on discovering the escape, should discharge the mortgage, would not this circumstance be admissible in mitigation of damages? All these cases depend on the same principle, and necessarily

result from the nature of the action, which is given to the plaintiff by way of indemnity, for the actual injury which he sustains by reason of the escape; and the plain- tiff ought not to be permitted to avail himself of his own acts, or misconduct, to enhance the damages. The action is founded in good policy, as being calculated to make sheriffs vigilant in the execution of their duty. But it would be the extreme of injustice, to permit the creditor to relinquish a security held from the debtor, for the purpose of charging the sheriff. If *A. Turner* had actually paid the money to the plaintiff, with equal propriety might he refund it, and resort to the sheriff. This, according to my view of the case, would be as illegal as it would be unjust. I know of no principle of law, to warrant such a position. It would be permitting a man to avail himself of his own misconduct, to the prejudice of another. The situation of the sheriff is analogous to that of a surety; and the law will not tolerate, or endure, any connivance between the creditor and principal debtor, to the prejudice of the surety. Had the plaintiff not relinquished the real security which he had in his hands, for the debt, but still held it, I am not prepared to say it would have been a complete defence for the sheriff. But, I am inclined to think, the court of chancery would have compelled the plaintiff to assign that security to the defendant, for his indemnity. The plaintiff having put the security out of his hands, no such relief can be obtained. And the only mode in which the defendant can avail himself of the plaintiff's misconduct in this respect, is in mitigation of damages.

The motion for a new trial must, accordingly, be denied.

SPENCER, J. not having heard the argument in the cause, gave no opinion.

Rule refused.