## Case No. 1,444.

### BISPHAM v. TAYLOR et al.

[2 McLean, 408.][1]

Circuit Court, D. Indiana. May Term, 1841.

UNITED STATES MARSHALS — INSUFFICIENT BAIL—ACTION AGAINST— MITIGATION OF DAMAGES—INSOLVENCY OF DEBTOR—SUPERSEDEAS.

1. Where a marshal takes insufficient appearance bail, he is only responsible for the actual injury sustained by the plaintiff in the execution.
[See Pierce v. Strickland, Case No. 11,147.]

2. In such a case the insolvency of the defendant may be shown in mitigation of damages.

3. But the rule is different where securities are taken under the replevin law of Indiana.

4. The act requires "sufficient freehold securities," and the bond operates as a judgment, and suspends the original judgment.

5. Under this act the marshal is liable, unless he takes freehold securities, whose unincumbered lands, at the time, at a fair estimate, are equal in value to the amount of the judgment.

6. The officer has the means of ascertaining the sufficiency of the sureties, and he is bound to use them.

[At law. Action by Samuel Bispham against Taylor and others upon a bond executed by the defendant Taylor as marshal, and by the other defendants as his sureties. Judgment for plaintiff.

[For decision overruling a demurrer to the declaration, see Case No. 1,443.]

Fletcher, Butler & Yandis, for plaintiff.
Mr. Brice, for defendants.

OPINION OF THE COURT. This action is brought against Taylor and his sureties, as

[1] [Reported by Hon. John McLean, Circuit Justice.]

marshal, for taking insufficient bail under the act of Indiana, "to subject real and personal estate to execution." The defence set up is that the defendant, in the execution under which bail was taken, was insolvent, and that, consequently, the plaintiff was not injured.

The 14th section of the above act provides, "that when execution of any kind may issue upon any judgment upon which no stay of execution may have been taken, under the 13th section of the same act, the officer issuing the same shall indorse thereon that the same is repleviable, and, also, the date of the rendition of such judgment; and the person against whom such execution may have been issued may replevy the same, &c., by tendering to the officer having such execution in his hands, a bond with one or more sufficient freehold securities, made payable to the execution plaintiff, in a penalty of at least double the amount demanded by such execution and conditioned for the payment of the full amount demanded by such execution, together with the interest and costs accruing and to accrue, &c., which bond shall be returned to the clerk to be recorded, &c., and such bond shall be taken as and have the force and effect of a judgment confessed in a court of record against the persons executing the same and against their estates, and execution may issue thereon accordingly." This bond suspended all action on the original judgment for the time stated in the statute. In effect, the new judgment was substituted for the prior one. The insolvency of Pollock, the defendant in the execution, is admitted, and the question is raised whether this does not excuse the marshal, or mitigate the damages in the case. The defendant's counsel insists that it does. That the plaintiff can only recover damages for the injury done by the misfeasance of the officer; and that the defendant being insolvent no injury was suffered by the plaintiff.

It is a well settled principle, that where an action is brought for an injury done, whether in the discharge of official duty or otherwise, the damages are measured, generally, by the extent of that injury. As, for instance, if a sheriff or marshal levy upon property and through negligence suffers the property to be destroyed, or to be taken back by the defendant, the officer is only liable for the value of the property. And insufficient appearance bail, taken on mesne process, will only subject the officer to nominal damages, if he shall prove that the defendant in the process was, at the time, insolvent. The object of such bail being to coerce the appearance of the defendant, and subject his person and property to the judgment of the court, the inquiry is what damage has the plaintiff sustained by the nonappearance of the defendant. 3 Starkie, Ev. 1341, note; 11 Mass. 89, 207; 10 Mass. 470; 2 Bac. Abr. 263. But the case under consideration is wholly different.

The replevin bond operates as a judgment, and is, in fact, a substitute for the judgment on which the execution was issued. If it does not nullify it suspends such judgment. And the statute, to produce this effect, very properly requires "one or more sufficient freehold securities." Of their sufficiency the officer, serving the execution, is bound to judge. And if he be culpably negligent he is justly responsible.

The replevin bond is for the payment of the judgment. It is in fact and in law a judgment under the statute; consequently it is subject to no collateral condition. The officer, by using ordinary diligence, may always ascertain the sufficiency of the security. Before he takes the bond he may require the most satisfactory evidence on this subject. He may demand the certificate of the recorder of deeds, showing the extent of the real estate of the sureties, and, also, whether there be any liens upon it. Similar evidence may be required from the clerks of courts as to any judgment liens. And this he may require the defendant, in the execution, to procure without any labor or expense on his part. The value of the estate may be estimated by judicious and disinterested men in the neighborhood. If this precaution be taken, which may be reasonably required, and by a great and unexpected fall in the value of property it may be insufficient, the officer would not be liable. If the property of the sureties was sufficient to answer the requisitions of the statute, at the time the bond is taken, no subsequent change can attach liability to the officer. 1 Johns. 215; 7 Johns. 189; 2 Term R. 132; 2 Greenl. 46.

The real estate of the sureties was embarrassed by judgment and mortgage liens; and they owed other debts. Evidence has been heard as to the amount of their personal property, not as constituting any part of the sufficiency contemplated by the statute, but to show that they had the means of discharging, to some extent, the demands against them. But the marshal was bound not only to see that the sureties were freeholders, but freeholders of unincumbered real estate, at least sufficient, at a fair valuation, at the time the bond was executed, to pay the judgment for which they were bound. And if the jury shall find, from the evidence, that the lands held by the sureties, at a fair estimate, the time they became bound, after deducting all liens upon them, were of less value than the amount of the judgment, they will find for the plaintiff such difference in damages. And if they shall find that the liens were equal to the full value of the lands, then they will find for the plaintiff the full amount of the judgment with interest.

The jury found for the plaintiff a part of the amount of the judgment. A motion was made for a new trial, which was continued under advisement and afterwards overruled.