WILLIAM NOYES, JR., v. THE WASHINGTON COUNTY MUTUAL INSURANCE COMPANY.

*Insurance. Waiver of preliminary proof of loss.*

Notwithstanding the conditions of a fire insurance policy require the insured to furnish the insurers with a notice and sworn proof of the loss within a specified time after its occurrence, still, if the insurers make no objection to the want of that particular form of proof, but proceed to reject the claim of the insured wholly upon other grounds, they will be regarded as thereby waiving a compliance with the requirements of the policy in that respect.

ASSUMPSIT upon a policy of insurance. Plea, the general issue and trial by the court at the March term, 1856,—POLAND, J., presiding.

The policy contained a clause requiring the insured to give the insurance company notice and proof of the loss under oath within thirty days after its occurrence.

The plaintiff on trial read in evidence a copy of the policy declared on, and a letter from Merrill & Willard, his attorneys, to the defendants, dated August 8, 1854, informing them that the plaintiff's house and barn, insured by the policy in question, were destroyed by fire, and that the policy itself was also consumed, and requesting the defendants to send the plaintiff's attorneys a copy of the record of the policy, and also all necessary instructions relative to the proper mode of verifying his loss,

On the 10th of August, 1854, the treasurer of the defendants wrote to the plaintiff's attorneys acknowledging the receipt of their letter of the 8th of August, and informing them that the claim would be laid before the executive committee of the defendants at their next meeting, which was to take place in a few days from that time. On the 15th of August, 1854, the secretary of the defendants wrote to Merrill & Willard that the plaintiff's claim had been rejected because the policy had been cancelled for non-payment of assessments. The plaintiffs read both of these letters in evidence, and also proved that on the night of the 1st of August, 1854, his house and barn, insured in the policy declared on, were destroyed by fire. It was conceded that the plaintiff gave the defendants no other notice of his loss except that contained in the letter of his attorneys above referred to. It was also conceded that the letters written by the secretary and treasurer were written by authority from the defendants.

The defendants insisted that the plaintiff could not recover, because he had not given such notice of his loss as was required by the conditions of the policy. The plaintiff claimed that such notice was waived by the refusal to pay the claim contained in the secreretary's letter dated August 15, 1854.

The county court decided that the plaintiff was entitled to recover, and rendered judgment accordingly, to which the defendants excepted.

*Wm. W. Peck,* for the defendants.

*Merrill & Willard,* for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J.   It is insisted in this case that the plaintiff cannot recover because he did not give such a notice of his loss by fire as was required by the by-laws of the company, attached to his policy. It appears from the exceptions and the papers referred to, that on the morning of the 2d day of August, 1854, the dwelling house and outbuildings, and a part of the household furniture of the plaintiff, which were insured by the defendant, were consumed by fire ; that on the 8th day of August, the plaintiff, by his attorneys,

notified the defendant of his loss, informing the defendant at the same time that his policy also was destroyed, and requesting that the company would send him a copy of the record of his policy, and also the necessary directions, as to the proper mode of verifying his loss, the expense of which he offered to pay. On the 10th day of August, the defendants, by their treasurer, wrote to the plaintiff's attorneys acknowledging the receipt of said notice, and informing them that the plaintiff's claim would be laid before the executive committee for their action. On the 15th day of August, the secretary of the defendant again wrote to the plaintiff's attorneys, saying that the claim of the plaintiff under his policy had been rejected, for the reason that the policy had been cancelled for non-payment of assessments. It does not appear that the defendants furnished the plaintiff with a copy of the policy or gave him any instructions as to the manner in which they required him to verify his loss, but proceeded to consider and reject his claim on other grounds without making any objection to the character of the notice or the evidence furnished by the plaintiff to establish his claim.

This we think was clearly a waiver of any right the defendants had by virtue of the by-laws to insist upon any particular form of notice, or kind of proof.

As this is the only question presented by the exceptions, the judgment of the county court is affirmed.