## PATRICK *v.* FARMERS' INSURANCE COMPANY.

A vote by the directors of an insurance company, indefinitely to postpone the subject of a loss, will be construed as a refusal to allow any thing on account of it.

Such a refusal will not be deemed a waiver of a condition of the policy, which requires notice of the loss to be given within thirty days.

If the condition requires notice of the loss to be given in writing to the secretary, or one of the directors, notice by parol to an agent will be of no effect.

A condition that no recovery shall be had, unless suit is brought within a certain time, is valid.

ASSUMPSIT on a policy of insurance.   The charter of the defendant company had these provisions in its seventh section :

"In case of loss or damage by fire happening to any member upon property insured, &c., the said member shall give notice thereof, in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time when such loss or damage may have happened; and the directors, upon a view of said loss, or in such other way as they think proper, shall ascertain and determine the amount of said loss or damage.   And if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company for said loss or damage at the next

court to be held in and for said county of Strafford, and not afterward, unless said court shall be held within sixty days after said determination; but if held within that time, then at the next court in said county thereafter; and if, upon trial of said action, a greater sum shall be recovered than the amount determined by the directors, the party suffering shall have judgment therefor against said company, with interest and costs; but if no more shall be recovered than the amount aforesaid, the said party shall become nonsuit, and the said company recover their costs; provided the judgment shall not affect the claim of, &c., to the amount of loss so determined."

It appeared that the defendants insured the plaintiff's house and other property, by a policy dated October 19, 1853, which referred to the charter. The house was destroyed by fire December 19, 1855. The plaintiff gave notice of the loss to the company August 21, 1856, and the secretary replied by letter, dated September 2, 1856, to this effect:

"Your notice of loss was this day laid before the board of directors, and their vote was to indefinitely postpone the subject."

This suit was brought April 6, 1859, and entered at May term in Carroll county.

On the second of January, 1856, the plaintiff had a conversation with one Emery, an agent of the company, in regard to the loss, and at that time signed a request upon the back of the policy, "I wish to have this policy discharged," and delivered the policy to Emery, who delivered it at the office of the company, where the following entry was made, by the secretary, under the request: "Received at office, March 29, 1856; discharged."

The case was submitted upon these facts.

*F. R. Chase,* for the plaintiff.

*L. D. Sawyer,* for the defendants.

BELL, C. J. We are not aware that any doubt has been entertained of the validity of a stipulation in a policy of insurance, that notice shall be given of a loss within a limited time. When such a clause is inserted in a policy itself, it generally assumes in its terms the form of a condition precedent, until the performance of which, no obligation arises to make good the loss. In other cases as in this, the provision may be contained in the charter of the company. In either case, the nature of the provision is such that it must be wholly inoperative if it is not construed as a condition precedent; so that the questions which have been decided by the courts have been chiefly as to what constitutes a compliance with the condition. *Bumstead* v. *Dividend Insurance Company,* 2 Kern. 81; *Schenk* v. *Mercer Insurance Company,* 4 Zabr. 447; *Bilbrough* v. *Mutual Insurance Company,* 5 Duer 587; *Francis* v. *Somerville Insurance Company,* 1 Dutch. 78; *Kernochan* v. *New-York Bowery Insurance Company,* 17 N. Y. 428; *Clark* v. *N. E. Insurance Company,* 6 Cush. 342.

The charter requires that notice shall be given, in writing, of the loss, to the directors, or one of them, or to the secretary, within

thirty days after the loss. Notice of this loss, occurring December 19, 1855, was given to the company August 21, 1856. This notice was not in compliance with the charter as to time, however it might be in other respects. It was more than seven months after the loss. But it is said this defect is of a class which may be waived. Every one may renounce a law which is made for his benefit. Broom Leg. Max. 547; *Beawfages' Case*, 10 Co. 101. Any notice whatever may be waived, any informality in it, or neglect of due time. *Ætna Insurance Company* v. *Tyler*, 21 Wend. 401; *Kernochan* v. *New-York Bowery Insurance Company*, 17 N. Y. 433.

It is claimed that the letter of the secretary, that "the directors had voted indefinitely to postpone the subject," is a waiver of any objection to the time of the notice; that if the company intended to insist upon the want of seasonable notice, they should have expressly disallowed the claim on that ground.

The authorities are quite distinct, that if the notice given is defective or erroneous, and the insurance company put their refusal to pay the loss on other grounds, that is a waiver of this condition of the contract. 2 Kern. 81; 4 Zab. 447; 5 Duer 587; 1 Dutch. 78, *ante*. An objection of error in the notice, not suggested till the trial, was held to be waived. 17 N. Y. 428; 6 Cush. 342, *ante*; *Peoria Insurance Company* v. *Lewis*, 18 Ill. 553; *Underhill* v. *Agawam Insurance Company*, 6 Cush. 445; *Vos* v. *Robinson*, 7 Johns. 192; 21 Wend. 401, *ante*; *Heath* v. *Franklin Insurance Company*, 1 Cush. 257, 264; *Noyes* v. *Washington Insurance Company*, 30 Vt. 659.

In none of these cases does the objection of defective notice go to the time of giving it. They all relate to some deficiency of the matter, or form of the notice, and they generally treat it as not acting in good faith on the part of the insurer, that he should not give notice of a defect which there was time to remedy. 3 Smith 433.

A defect in the time of the notice stands on different ground from a defect in its matter; while the last, upon notice, may be remedied, it is otherwise with the former; which is necessarily irremediable, if the insurer chooses to insist upon it. It may be waived, but it would be reasonable to require a different kind of evidence from that which ought to be satisfactory, in cases of mere defect of form. The silence of an insurance company, upon a defect in the form of the notice, might be very injurious to the assured, but it is not at once seen how the assured could be benefited by notice that he had failed to give information of his loss within the stipulated time, or how he could be prejudiced by the omission.

The directors of the insurance company did not do as we think they ought always to do, decide distinctly the question referred to them by the charter, that is, " ascertain and determine the amount of the plaintiff's loss, or damage," but seem, in form, to decline to act on the subject. "Their vote was to indefinitely postpone the same." No reason is assigned for this course, and it does not therefore fall within the class of cases where the company refuse to pay the loss for other reasons than the defects of the notice, and we think no inference can be drawn that the company intended to

waive any ground of defense, and that no waiver of any other than merely formal grounds can be fairly inferred from their silence.

The form of this vote is ambiguous as to the effect. If regarded as a refusal to decide, its effect would be very different from a refusal to allow the claim, and we think the vote in this case may be regarded rather as a refusal to allow any thing on account of the claim than as a refusal to ascertain and determine the amount of the loss or damage. In legislative bodies, from which this phrase is borrowed, an indefinite postponement is regarded as a denial of the claim.

This question may be regarded as material in connection with the next question of the case, whether the suit was seasonably commenced. In *Nute* v. *Hamilton Insurance Company,* 6 Gray 177, it is held that a stipulation in a policy or by-law, by way of condition precedent to their liability, that no recovery shall be had unless suit is brought within a certain time, is a valid condition, and unless it is complied with there can be no recovery; and it is said it had been so held in cases recently decided; and the same point was decided in *Amesbury* v. *Bowditch Insurance Company,* 6 Gray 596; *Fulham* v. *New-York Insurance Company,* 7 Gray 61; *Wilson* v. *Ætna Insurance Company,* 27 Vt. 99; *Brown* v. *Roger Williams Insurance Company,* 5 R. I. 394; *Cray* v. *Hartford Insurance Company,* 1 Blackf. 280; *N. W. Insurance Company* v. *Phenix Oil Company,* 31 Penn. 448. These authorities seem to us to be decisive that such a stipulation, as to the time of bringing the action, is valid.

In the case of *Nevins* v. *Rockingham Insurance Company,* 25 N. H. 22, it was determined, agreeably to the decision in *Boyden* v. *Middlesex Insurance Company,* 4 Met. 212, that under the charter of an insurance company similar to that of the defendants, if the directors do not proceed to act on the question of the amount of a loss within three months after it has been duly notified to them, the assured may bring his action to recover the loss; and in such case the provisions of the charter, requiring the action to be brought at the next term of the court, do not apply; the court holding that these provisions all appear to contemplate a case where a loss has been admitted, and the amount fixed by the directors, and the only question is, whether the insured is entitled to recover more. But in Vermont it has been held that the provision applies equally to the case where the directors have duly ,and seasonably considered the question of loss and determined to pay nothing. *Williams* v. *Vermont Insurance Company,* 20 Vt. 222; *Dutton* v. *Vermont Insurance Company,* 17 Vt. 369. These decisions seem to us to be founded in sound reason, and the decisions there and here may well stand together, as to the points decided. It was not necessary in the case here, to determine the latter question, since on either view that action was well brought, and it was left by the court undecided.

The policy of the charter seems to be to provide for a speedy settlement of claims for losses, which must unavoidably be productive of serious inconvenience to all concerned, if long left in an unsettled condition; and this evil is quite as·great where the directors have refused to allow any thing in a case of loss, as where they

have allowed a sum too small to satisfy the claimant. The directors have in both cases performed their duty, so that in that respect the company is chargeable with no fault.

We are, therefore, of opinion that the plaintiff is bound by his neglect to give seasonable notice of his loss, as well as by the neglect to commence his action within the time limited by the charter. We think the notice to Emery can avail nothing. It was not in writing, and was not made to any of the directors, or the secretary; and its sole purpose seems to have been to obtain a discharge of the policy.

*Judgment for the defendants.*