Bockes, J.
We are unable to agree with the learned judge who directed judgment in this case in his conclusion that a notice of dues and assessments to a member of the local board, in due form and signed by the general secretary, served on him by the local secretary, would be insufficient to effect a forfeiture of his rights under his certificate of membership, if unheeded for the time requisite to produce that result as declared in the defendants by-laws.
Section 5 of article 5, provides that, the secretary shall notify the members of the society of all dues and assessments for the payment of death losses, etc. Section 2 of article?, provides that, the local secretary shall serve notices of assessments and dues upon the members of the local board personally, or by mail; and section 7 of article 4, provides that, if any member shall neglect to pay his annual dues or assessments within thirty days from the date of a notice to pay the same by the general secretary, ten days’ *366 grace, however, being given; he shall forfeit all claims on the society. When read and construed together, these provisions are satisfied, as respects the matter of service, by a, notice in due form signed by the general secretary, served on the member by the local secretary personally or by mail. Such seems to be the plain import of these provisions. The notice is none the less “by the general secretary,” because served by the local secretary; that is, mailed or delivered personally by the latter; and indeed it is expressly provided, that the local secretary shall serve the notice. Service of notice so made would be notice by the general secretary, through or by the aid of the local secretary; and this would be in common understanding, and hi legal effect notice by the former, as it would answer all intendments and just requirements in that regard. As respects this point, we think, the conclusion of the learned judge was erroneous. He found, however, against the defendant, as to the fact of service of notice, by either the general or local secretary; found that it was not satisfactorily proved that any notice whatever, was given the assured of dues or assessments charged and unpaid against him; hence, that the alleged defense of forfeiture of his claim against the society failed. In this conclusion we are inclined to concur. Forfeitures are not favored in law. Before a forfeiture will be permitted to become effectual, the fact or facts necessary to its support must be clearly established by the most satisfactory proof.
Now it was claimed in this case that the assured was-duly notified by the local secretary, through the mail, of an assessment against him, July 1, 1881, which assessment-remained unpaid for such length of time as worked a forfeiture of his membership. In support of this defense, the local secretary testified that he gave the assured such notice through the mail July 1, 1881; and it was conceded that the assessment remained unpaid for thirty days and more thereafter. The point controverted on the trial was whether such notice was in fact so given. The local secretary alone testified in the affirmative on this point. He stated in direct and positive terms, and somewhat in detail,, that he mailed tire notice, directed to the assured at Albany, his residence and place of business, on July 1,1881, and there were some slight circumstances proved in corroboration of his statement, but so slight as to be of no great value as corroborative proof. But when pressed on cross-examination he-said: “I have no personal knowledge in regard to this card (the notice) more than the regular routine. By the court— Q. Have you a personal and distinct recollection of mailing-this particular card to Mr. Payn, or is it your inference that you did because it was your custom or habit to mail them all? A. I don’t remember the mechanical part of the. *367 writing, but I feel sure I mailed the card. By the court— Q. Have you a memorandum of checking this one off? A. Ho, sir. By the court—Your evidence amounts to this, that you have no recollection of directing and mailing this particular card to Payn, but from your mode of doing business, which you have explained, you feel confident that there was a card addressed and mailed to him as you have stated? A. Yes, sir.' By the court—That is about it? A. Yes, sir; the board was so small, the only thing I am not positive of is the writing that address.”
Such was the purport of the testimony of the secretary as to his having served the notice. It will be observed that this testimony is far from direct and positive proof of the fact—such as is required to establish a forfeiture; and besides, there was some countervailing proof of an inferential character given on the part of the plaintiffs. To say the least of it, there was a fair question of fact on the proof for the trial court; and the evidence is not so conclusively against the finding that we can hold it to be erroneous; and especially should we not do this, the result of which would be to establish a forfeiture, unless the error in the finding be made very conclusively to appear. Such is not the case, as we think. The defense of forfeiture was not, as we think, satisfactorily and conclusively established.
■ It is further urged by the respondent’s counsel that the assured had, including the ten days grace given him, forty days after the service of the notice of assessment within which to make payment; and that payment was tendered within that time. A tender was proved, but the case fails to show that it was made within forty days after July 1. It does not appear that any point was made in this regard on the trial, and the case is indefinite as to when the tender was made. In view of our conclusion above stated we do not deem it necessary to consider this subject.
It was found that no proofs of the death of the assured were furnished the defendant as required by its by-laws, but that such refusal was waived inasmuch as it was made to appear that the defendant refused to furnish blanks for the making of such proofs when called upon therefor, putting such refusal, and its refusal at all times to pay the claim, upon the ground that the assured had not paid the assessment of July 1, and had consequently forfeited his •right of membership. These alleged grounds of waiver were proved on the trial, and they were, according to the decisions, sufficient to uphold a waiver. Grattan v. Met. Life Ins. Co., 80 N. Y., 281; Tayloe v. Merch. Fire Ins. Co., 9 How. U. S., 391; Post v. Ætna Fire Ins. Co., 43 Barb., 351; Noyes v. Wash. Co. Mut. Ins. Co., 30 Vt., 659. The defendant did not put its refusal to pay the claim on *368 the ground of the omission to furnish to it proofs of the death of the assured, but on the ground that his certificate of membership was forfeited and void because of the nonpayment of the July assessment. On such assertion of non-liability the furnishing of such proofs would have been a futile act, and the putting of the refusal to pay solely on another and different ground of absolute non-liability operated as a waiver of the condition not urged or insisted on. We are of the opinion that the record discloses no error calling for a reversal of the judgment.
Judgment affirmed, with costs.
Learned, P. J., and Landón, J., concur.