# The Johnson Company *v.* Richard E. Miller, Appellant.

*Street railways—Corporations—Sale of property.*

When the operations of a corporation are matters of direct public inter est and concern, its property which is reasonably essential to the exercise of its franchises cannot be aliened by the corporation or sold by its creditors piecemeal so as to stop its operations or defeat the object of its charter ; but this rule does not apply to property which has not become a part of the company's structure, and for which it has no present use.

A street railway company bought steel rails and distributed them along its projected line, but before they were laid in place the company was enjoined from proceeding with the construction of its road until it had obtained the consent of the municipal authorities. In the meantime the company having become insolvent resold them to the manufacturer from whom they were purchased. This was done by a written instrument signed by the officers of the company in pursuance of a resolution of the board of directors. Possession was taken of the property resold, and subsequently another creditor of the street railway company attached them as the property of the company. *Held,* that as the company had not completed or operated any part of its road it had the right to sell the rails which had not become part· of its structure and for which it had no present use.

Argued Feb. 18, 1896. Appeal, No. 118, Jan. T., 1896, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1895, No. 114, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Feigned issue to determine the ownership of eighty-two steel rails attached as the property of the Inter-County Street Railway Company. Before BECHTEL, J.

At the trial it appeared that Richard E. Miller issued an attachment under the act of March 17, 1869, against the Inter-County Street Railway Company, and the sheriff levied upon eighty-two rails as the property of the street railway company. The Johnson Company notified the sheriff that it claimed the rails levied upon. A feigned issue was awarded between The Johnson Company, plaintiff, and Richard E. Miller, defendant, to determine the ownership of said steel rails. Other facts appear by the opinion of the Supreme Court.

The court directed a verdict for plaintiff, upon which judgment was entered.

*Error assigned* was in directing a verdict for plaintiff.

*George M. Roads* and *Fergus G. Farquhar*, *Frank P. Krebs* with them, for appellant.—The railway company had no power to sell the rails in controversy : 3 Trickett on Liens, 503 ; Second Nat. Bank of Titusville v. Gibbs Stewart Mfg. Co., 13 W. N. C. 174 ; Fairmount Coal Co.'s App., 14 W. N. C. 244 ; Susquehanna Canal Co. v. Bonham, 9 W. & S. 27 ; Plymouth Ry. v. Colwell, 39 Pa. 337 ; Loudenslager v. Benton, 3 Gr. 384 ; Reynolds v. Reynolds Lumber Co., 169 Pa. 626 ; Scranton Electric L. & H. Co., 122 Pa. 154.

The proceeds of property necessary for the prosecution of the business of an insolvent (public) corporation is distributed pro rata among its creditors. A preference given by way of a confessed judgment and a lien under a fieri facias issued thereon will be set aside : Bayard's App., 72 Pa. 453 ; Hopkin's App., 90 Pa. 70 ; First Nat. Bank v. N. Y. & Westmoreland Coke Co., 137 Pa. 601.

*R. H. Koch*, *H. B. Graeff* with him, for appellee.—The Inter-County Railway Co., by its directors, could dispose of its own rails, as lawfully as it could buy them. It had the same control over its property then as a natural person has over his individual property : Dana v. U. S. Bank, 5 W. & S. 223 ; Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375 ; Burton's App., 57 Pa. 213 ; Fairmount C. & I. Co.'s App., 14 W. N. C. 214 ; Plymouth Ry. v. Colwell, 39 Pa. 337.

Miller, as a common creditor of the company, cannot inquire into the regularity of the meeting of the board of directors : Fisher v. Harrisburg Gas Co., 1 Pearson, 118 ; Gordon v. Preston, 1 Watts, 385; Drexel's App., 6 Pa. 272; Hauer's App., 5 W. & S. 473.

OPINION BY MR. JUSTICE FELL, April 6, 1896 :

The issue in this case was framed to determine the title to certain steel rails seized by the sheriff of Schuylkill county under an attachment as the property of the Inter-County Street Railway Company. The railway company was authorized by its charter to construct and maintain a railway from Tamaqua, Schuylkill county, to Lansford, Carbon county. After a part

of the road had been built the company was enjoined from proceeding further with its construction until the consent of the township and borough authorities and other parties in interest should be obtained. The railway company at this time was indebted to the Johnson Company for rails, spikes, bolts and fish-plates, and being unable to use or pay for these articles it resold them to the Johnson Company at the invoice price in partial discharge of the debt. Possession of the property resold was taken by the plaintiff before the attachment issued, and the only questions raised at the trial related to the right of the railway company to sell the property, and to the validity of the exercise of the right if it existed. The property attached in Schuylkill county, the title to which is in dispute in this proceeding, consisted of eighty-two steel rails. These rails had been delivered along the line of the proposed road, but none of them had been used in its construction, if there had been any construction in Schuylkill county.

The claim of the attaching creditor is based upon the ground that the railway company being insolvent could not lawfully prefer one of its creditors by a sale or transfer of property necessary for its operations. It is undoubtedly the rule that when the operations of a corporation are matters of direct public interest and concern, its property which is reasonably essential to the exercise of its franchises cannot be aliened by the corporation or sold by its creditors piecemeal so as to stop its operations or defeat the object of its charter: Susquehanna Coal Co. v. Bonham, 9 W. & S. 27; Reynolds v. Reynolds Lumber Co., 169 Pa. 626. The grant by the state to the Inter-County Railway Co. was for a use in which the public was interested, and it may be assumed that if the company had reached the stage of active operation and the rails in question had become a part of its roadway they could not under the circumstances have been sold, as the company was insolvent and the effect of the sale would have been to strip it of property necessary for the exercise of its franchises. The right contested however was that of a company which had not completed or operated any part of its road to sell rails which had not become part of its structure, and for which it had no present use. Its right to make the sale if the surplus had resulted from an overpurchase or had been caused by the shortening of its route or the abandoning of a part

of it could not be questioned. Its franchises remained; it was merely forbidden to proceed with its work until the necessary consent should be obtained. Until this condition was complied with it could not use these rails, and we see no reason why it was not at liberty to sell them.

The sale was effected by means of a written instrument regularly executed by the proper officers of the company in pursuance of a resolution of the board of directors. At the meeting of the board five of the eight members were present and the action was unanimous, and has not since been objected to by any one interested in the company. Under the circumstances disclosed by the testimony the appellant has no standing to question it.

The judgment is affirmed.