[No. 5200.]

[No. 2811 C. A.]

THE FLORENCE OIL AND REFINING COMPANY v. OIL WELL SUPPLY COMPANY.

1. **Practice in Civil Actions—Pleading—Motion to Strike Not Made in Apt Time.**

Where a motion to strike a pleading was not made until after the cause had been appealed from the county to the district court, and then not until the day of trial, such motion may be denied because not made in apt time.—P. 125.

2. **Appellate Practice—Pleading—Amendments—Discretion of Court—Prejudicial Error.**

Trial courts are given great latitude in the allowance of amendments to pleadings, and unless it is apparent that a party has been prejudiced by the action of the court the ruling will not be disturbed on appeal.—P. 125.

3. **Same—Continuance on Ground of Absent Witness.**

Defendant, on the day of trial, moved to strike a pleading, which was allowed, and plaintiff was permitted to amend. Defendant then moved for a continuance on the ground of an absent witness, but plaintiff admitted that such witness, if present, would testify as stated in the affidavit, whereupon the continuance was denied. Held, that, it not being apparent that defendant was prejudiced by the plaintiff being allowed to amend, and Mills' Ann. Code, § 177, requiring that a trial shall not be postponed upon the ground of absent material evidence when the adverse party admits that such evidence would be given, such rulings do not constitute reversible error.—P. 126.

*Appeal from the District Court of Fremont County.*

*Hon. M. S. Bailey, Judge.*

Action by The Oil Well Supply Company against The Florence Oil and Refining Company. From a judgment for plaintiff, defendant appeals.

*Affirmed.*

Mr. JAMES T. LOCKE, for appellant.

Mr. LEE CHAMPION, for appellee.

Mr. Justice Steele delivered the opinion of the court:

From a judgment of the county court of Fremont county, rendered November 11, 1901, defendant (appellant here) appealed to the district court. The cause was set for trial, the parties consenting thereto, for May 2, 1902. On this day the defendant moved the court to strike the reply of the plaintiff to defendant's cross-complaint, upon the ground that the reply was sham. The court granted the motion, but granted leave to the plaintiff to reply instanter, which it did. Thereupon the defendant moved for a continuance because of the absence of a witness. The affidavit accompanying the motion contains the necessary averments required by the practice. The plaintiff admitted that the witness, if present, would testify as stated in the affidavit. Thereupon the court denied the motion for continuance. The trial resulted in a verdict and judgment for the plaintiff, from which judgment the defendant appealed to the court of appeals. The only questions presented in the brief are those relating to the alleged error of the court in denying the motion to strike the replication, and for judgment, and refusing to grant a continuance. It is contemplated by the code that motions of this character should be made in apt time, and, as the defendant made no motion to strike until after the case had been taken to the district court, and not in that court until the day of trial, the court might well have denied the motion upon the ground that it was not made in apt time. The replication was objectionable, however, and, in striking it, the court correctly ruled, and he did not abuse his discretion in permitting the plaintiff to amend. It has been held that courts are allowed great latitude in such matters, and, unless it is apparent that a party has been prejudiced by the action of the court, the

ruling will not be disturbed. But counsel say: "The allowance of the amendment was done in the exercise of its discretion, and to allow the amendment, and then, thereafter, immediately force appellant to trial without its witness was such an abuse of its discretion as we think ought to occasion the court to reverse the case and send it back for a new trial." The fact that both motions were denied is not ground for reversal. If the court had abused his discretion in allowing the amendment, or had failed to follow the provisions of the code in refusing a continuance, there would be ground for a reversal of the cause; but, as the court has not abused its discretionary powers, and has applied the provisions of the code, which require that a trial shall not be postponed upon the ground of the absence of material evidence when the adverse party admits that such evidence would be given (§ 177, Code), we must affirm the judgment.                                        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur. ·