[No. 2561]

# CLARK REALTY COMPANY, APPELLANT, *v.* H. C. DOUGLAS, RESPONDENT.

[212 Pac. 466]

1. CORPORATIONS—ACTION AT SPECIAL MEETING OF WHICH ONE DIRECTOR WAS NOT NOTIFIED IS VOID.

A special meeting of directors, held in absence of one of them and without notice to him as required by the by-laws, is illegal, and the action taken at such meeting is invalid.

2. CORPORATIONS—RATIFICATION OF CONTRACT IS EQUIVALENT TO PRIOR AUTHORITY.

Ratification by a corporation of a contract made without authority relates back and is equivalent to a prior authority to make the contract.

3. CORPORATIONS—ACTS WITHIN POWERS OF DIRECTORS MAY BE RATIFIED BY ACQUIESCENCE OF DIRECTOR NOT NOTIFIED OF MEETING AT WHICH ACTION TAKEN.

Acts of the directors of a corporation which are invalid because taken at a special meeting of the directors, of which one of the directors had no notice, as required by the by-laws, can be ratified by the subsequent acquiescence of the director who was not notified, if those acts were within the powers of the directors in the first instance.

4. CORPORATIONS—DIRECTOR NOT NOTIFIED OF SPECIAL MEETING HELD TO HAVE RATIFIED LEASE AUTHORIZED THEREBY.

A director of a corporation who was not notified of a special meeting of the board at which the execution of a lease by the corporation was authorized, ratified the lease where, after being notified thereof, he collected the rents for nearly two years before taking any step to disaffirm the lease.

5. CORPORATIONS—RATIFICATION OF LEASE, AUTHORIZED AT DIRECTORS' MEETING, FOR WHICH PROPER NOTICE NOT GIVEN, HELD TO RATIFY ALL TERMS AND GIVE TENANT POSSESSION UNTIL END OF TERM.

Where a lease executed by a corporation was invalid merely because it was authorized at a special meeting of the directors for which proper notice was not given, a subsequent ratification of the lease by acceptance of rent thereunder ratifies all its terms, and entitles the tenant to retain possession until the end of the term, though ratification of an oral lease void under the statute of frauds creates only a term from month to month or from year to year, as the case may be, in order to conform to the policy of that statute.

6. CORPORATIONS—SIGNATURE OF SECRETARY AND IMPRESS OF SEAL HELD TO CREATE PRESUMPTION OF ACT UNDER CORPORATION'S DIRECTION.

The signature of the secretary of the corporation and the impress of its seal upon a written notice to lessees that the president of the corporation was authorized to collect rents due it creates the presumption that the notice was made at the direction of the corporation.

7. CORPORATIONS—COMPANY HELD TO HAVE RATIFIED LEASE THROUGH
    COLLECTION OF RENTS BY AUTHORIZED AGENT.
        Where a corporation duly authorized its president to collect
    rents from its lessees, his act in ratifying an unauthorized
    lease by collecting the rents due thereon was the act of the
    company.

APPEAL from Second Judicial District Court, Washoe
County; *Geo. A. Bartlett,* Judge.

Action of unlawful detainer by the Clark Realty
Company against H. C. Douglas. Judgment for defendant, and plaintiff appeals from the judgment and
from an order overruling his motion for a new trial.
**Affirmed. Rehearing granted.**

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* for
Appellant:

A meeting of a board of directors held in disregard of
the by-laws is invalid, and hence could give no authority
to the secretary to execute the lease. Defanti v. Allen
Clark Co., 45 Nev. 120; Yellow Jacket M. Co. v. Stevenson, 5 Nev. 224; Hillyer v. Overman S. M. Co., 6 Nev.
51, 57; Rev. Laws, 1127; 3 Fletcher, Cyc. Corp. sec.
1868, et seq. The secretary, not having been authorized
at a lawful meeting of the board, was without authority
"in writing" to execute a lease on behalf of the corporation, and the lease was void under the statute of frauds.
Rev. Laws, 1069, 1071, 1072; Clement v. Young-McShea
Amusement Co., 67 Atl. 82.

Where a tenant enters into possession under a void
lease and pays rental, he is a tenant from month to
month or year to year, as the case may be. 16 R. C. L.
574, 575. McDowell v. Simpson, 27 Am. Dec. 338;
Frahm v. Metcalf, 106 N. W. 227; Yellow Jacket M. Co.
v. Stevenson, 5 Nev. 224, 230. A fortiori, notice is
necessary in all cases, when required by the charter or
by-laws, unless all the directors are present. 3 Fletcher,
Cyc. Corp. sec. 1868, p. 3061; Farwell v. Houghton
Copper Works, 8 Fed. 69; Hill v. Rich Hill Coal Co.,
24 S. W. 226.

If for no other reason, the meeting of the directors of
the plaintiff corporation was void because of the adverse

interest of one of the directors present. 3 Fletcher, Cyc. Corp. sec. 1889.

The general rule is that the act of ratification must be of the same nature as that which would be required for conferring the authority in the first instance. Where the law requires the authority to be in writing, the ratification must also be written. Mechem on Agency, sec. 136; Despatch Line v. Bellamy Mfg. Co., 12 N. H. 205; Bruns v. Huseman, 107 N. E. 462; Harper v. Jackson, 87 Atl. 430; Garcia & Maggini Co. v. Colvin, 199 Pac. 1113.

Where a tenant enters under a lease, void under the statute of frauds, a new lease is implied of similar import, except as to term, to that of the invalid lease; the provisions of the invalid lease are controlling, except as to the term. 16 R. C. L. 576.

*Sardis Summerfield* and *A. N. Salisbury,* for Respondent:

If corporations and their shareholders permit their directors to establish a habit or usage of assenting separately to the making and performance of contracts by their agents through a long course of business, they are bound, so long as they acquiesce. If this were not so, great injustice might be done to parties contracting with them in their usual way. 3 Fletcher, Cyc. Corp. sec. 1856; 7 R. C. L. 440; National Bank v. Biscuit Co., 61 Wash. 192; Defanti v. Allen Clark Co., 45 Nev. 120.

"If the directors own all the stock, a conveyance, mortgage or contract authorized by them when not assembled at a meeting is valid." 3 Fletcher, Cyc. Corp. sec. 1857; 7 R. C. L. 440; Jordan v. Collins, 18 South. 137.

When a director endorses his stock over to another, all of whose acts are satisfactory to him, leaves the state, conceals his whereabouts with no intention of returning, he has abandoned his office, and it is not necessary to give him notice of special meetings. 3

Fletcher, Cyc. Corp. sec. 1875; Anderson Carriage Co. v. Pungs, 86 N. W. 1040.

Except in a few jurisdictions it is the rule that it is essential to the legality of a directors' meeting and the acts done thereat, either that all the directors shall be notified of the meeting, or that the acts done shall be ratified by the absent directors. 3 Fletcher, Cyc. Corp. sec. 1893; Pettengill v. Blackman, 164 Pac. 358; Smith v. Sinaloa Fruit Co., 132 Pac. 556; In Re Machine Co., 91 Fed. 630; Ashley Wire Co. v. Illinois Steel Co., 45 N. E. 410.

Failure to dissent, where knowledge is at hand, amounts to ratification by the absent director of the action taken by the board of directors at a special meeting of which he had not been notified (Pettengill v. Blackman, supra); and the statute of fraud does not apply. Rule and cases supra.

The statute allowing treble damages contemplates cases other than those where the occupant holds under a claim of right, with a lease, valid, at least, on its face. Baldwin v. Bahl, 122 N. W. 247.

By the Court, DUCKER, C. J.:

This is an action in unlawful detainer. The appeal is taken from the judgment and an order overruling a motion for a new trial. The appellant, Clark Realty Company, is a corporation, formerly known and called Allen Clark Company. The Allen Clark Company was incorporated, with a capital stock of 10,000 shares, on the 20th day of August, 1915, and the first meeting of the stockholders and subscribers for stock in said company was held on the 31st day of August, 1915. All of the subscribers for stock and stockholders at said meeting were Allen L. Clark, Emily Clark, and W. J. Luke. At this meeting Allen L. Clark, Emily Clark, and W. J. Luke were elected directors of the company, and a code of by-laws adopted. Allen L. Clark was elected president, W. J. Luke was elected vice-president, and Emily

Clark, secretary. From the date of the organization of the company until the death of Emily Clark on the 29th day of May, 1919, the officers and directors continued to be the same, and Allen L. Clark has ever since continued to be a director and president of said company. The by-laws of the said Allen Clark Company, adopted at the first meeting in respect to the meetings of the board of directors and power of the officers, have never been changed, and read:

"Stated meetings of the directors shall be held, without notice, on the first Monday of each month at 2 p. m. at the office of the company in the city of Reno.

"A majority of the directors in office constitute a quorum for the transaction of business.

"Special meetings of the board may be called by the president on one day's notice by mail, or personally, to each director.

"The vice-president shall be vested with all the powers and shall perform all the duties of the president in his absence.

"Any stockholder or director may waive any notices required to be given under these by-laws."

On the 13th day of January, 1919, in the city of Reno, Washoe County, Nevada, a special meeting of the board of directors of the Allen Clark Company was held, at which the directors Emily Clark and W. J. Luke were present, having consented to the holding of this special meeting and waiving all notice thereof. Allen Clark was not present, being absent in California, and received no notice of the meeting. At this meeting a resolution was adopted by the directors present, authorizing the secretary to enter into an agreement with the Pioneer Hotel Company terminating and canceling all leases existing between the Allen Clark Company and said hotel company. A further resolution was adopted authorizing the secretary to execute unto H. C. Douglas the lease in question. Pursuant to this resolution the secretary, Emily Clark, on the 13th day of January, 1919, entered into a written contract of lease with the respondent by the terms of which the premises known and called the Pioneer Hotel was leased to him

for a period of five years from and after the 9th day of January, 1919, at a monthly rental of $150, with the privilege and option of a renewal thereof at the expiration of the term for a further period of five years at the monthly rental of $200.  There are other covenants in the lease not necessary to be detailed.

On the 9th day of January, 1919, the respondent went into possession of the premises, and has ever since remained in possession thereof.  On the 30th day of December, 1921, the articles of incorporation of the Allen Clark Company were amended, changing the name thereof to Clark Realty Company.  On or about the 2d day of December, 1921, the appellant notified the respondent, in writing, that if he should hold over the said leased premises after the 9th day of January, 1922, his tenancy would be upon a month-to-month basis, with a rental of $600 monthly, and on the 9th and 10th days of January, 1922, made demand, in writing, of him requiring in the alternative the payment of said rental of $600 or the surrender of the premises.  The demand was not complied with, and this action was brought. Most of the foregoing facts are embodied in the findings, and all are established by the evidence.

The court based its judgment upon a number of findings from which it concluded as a matter of law that the special meeting of the board of directors of the Allen Clark Company, held on the 13th day of January, 1919, was valid, and that the lease executed in pursuance of authority granted to the secretary of said corporation at said special meeting was and is a valid and subsisting lease; that Allen L. Clark has ratified the action of the said board had and taken at its special meeting held on the 13th day of January, 1919, and that the plaintiff corporation has ratified said indenture of lease; that the plaintiff corporation is estopped to question the validity of the lease.

1, 2.  We are first concerned with the effect of the action of the board of directors upon the lease in question.  It is conceded by the respondent that Allen Clark, the absent director, had no notice of the special meeting, by mail or otherwise, as provided by the by-laws.

Appellant contends that for this reason the meeting was illegal, and could give no authority to the secretary to execute the lease, which, consequently, is invalid. Although there are cases to the contrary, the rule is well established that a special meeting, held in the absence of one or more of the directors of a corporation, and without notice to him, is illegal, and the action taken at such a meeting is invalid. 3 Fletcher, Cyc. Corp. 1868; 7 R. C. L. 441, 442. Such action may be, it is true, subsequently validated by ratification. The general rule requiring notice of a special meeting to all of the directors was recognized and applied by this court in Defanti v. Allen Clark Co., 45 Nev. 120, and, unless the record before us takes the present case without the operation of the rule stated, our judgment must be for the appellant. A number of contentions are made and argued in respondent's brief, but the conclusion we reach makes it unnecessary to notice any of them, except the claims that Allen L. Clark, and the corporation as well, ratified the action of the directors and thereby validated it and the lease in question. Ratification relates back and is equivalent to a prior authority to make the contract. Edwards v. Carson Water Co., 21 Nev. 469.

3. The principle is well established that acquiescence with knowledge of the facts, by the stockholders or directors of a corporation in illegal proceedings of a board of directors, or some of them, may operate as a ratification or confirmation of such proceedings, if the acts done or authorized were within the powers of the governing board in the first instance. 3 Fletcher, Cyc. Corp. secs. 1868–1893; Cook on Corporations (7th ed.) sec. 809; 2 Thompson on Corporations (2d ed.) sec. 2019, and cases cited; 14a C. J. 87, 88; Pettengill v. Blackman, 30 Idaho, 241, 164 Pac. 358; Ashley Wire Co. v. Illinois Steel Co., 164 Ill. 149, 45 N. E. 410, 56 Am. St. Rep. 187; Johnson Co. v. Miller, 174 Pa. 605, 34 Atl. 316, 52 Am. St. Rep. 833; In Re Machine Co. (D.C.) 91 Fed. 630.

4. The written contract of lease was entered into by the secretary pursuant to a resolution made at the special meeting on January 13, 1919, and the respondent entered into the possession and occupancy of the leased premises under the terms of the lease on that date. Clark took no steps to disaffirm the action of the directors or the lease until the 2d day of January, 1921. He was in California when the lease was executed, but returned to Reno in May, 1919. He was notified that the lease had been given when he returned. In the meantime he did not repudiate the lease, but collected and received the monthly rent for the leased premises after the death of Mrs. Clark in May, 1919, except for a period of about three months, when he was camping in the mountains, and left the collection of the rent to his friend and codirector, Mr. Luke. The conduct of Clark, the only director and stockholder who did not join in giving authority to the secretary to execute the lease on behalf of the corporation, was sufficient to amount to a ratification within the principle heretofore stated.

5. But appellant contends, and has cited a number of cases to support the point, that the entry and occupancy of premises by one under an invalid lease, and the collection of rents by the lessor, will, at the most, create only the relation of landlord and tenant, with tenancy from month to month or year to year, which may be terminated by proper notice. Most, if not all, of the cases relied on involve oral leases beyond the term allowed by the statute of frauds, or written leases executed by an agent without the written authority required by the statute. There is considerable authority to the effect that entry and continued occupation of premises, and the receipt of rents under a lease invalid for such reason, creates the relation of landlord and tenant, which is generally held a tenancy from month to month, or year to year, depending largely upon whether the rent is, by the terms of the lease, payable monthly or yearly. There is reason for this doctrine,

for otherwise the statute of frauds could be rendered nugatory as to such invalid leases. In such cases the law implies a tenancy not in conflict with the statute.

In the case at bar the statute of frauds has no application. The lease is in writing, duly executed by the tenant and the secretary of the corporation. True, her authority to enter into the lease is not in writing, so far as the director Clark is concerned. But there is no legislative rule of public policy like the statute of frauds requiring such directors of the corporation to authorize in writing the execution of the lease in question. If Clark had been given notice of the special meeting, the approval of the resolution by a majority of the governing board would have been all that was essential, and the giving of the lease was within the powers of the board. Clark could have approved the resolution in the first instance, and we perceive no valid reason why he could not subsequently approve it. His acquiescence during the considerable period mentioned manifested his approval. Where there is entry and occupation of premises under the terms of an invalid lease, and the payment and acceptance of rent, the rule as to ratification is stated in 24 Cyc. 911, as follows:

"Occupation of the premises by lessee, and payment of rent according to the terms of the lease, is usually held to be a ratification by the lessee of an invalid lease. Likewise acquiescence in the occupancy of the premises by the lessee, and the acceptance of rent from him, will, as a rule, amount to a ratification of the lease by the lessor."

In the case of the West Side Auction Co. v. Conn. Ins. Co., 186 Ill. 156, 159, 160, 57 N. E. 839, 840, the tenant had vacated the leased premises before the end of the term. The action was in assumpsit to recover rent, with interest for five months remaining of the term. The lease was held to be a valid lease, and in addition the court said:

"It also appears, without contradiction, that the defendant occupied the premises under this lease during

the months of May, June, July, August and September, 1895, and paid the rent according to the terms of the lease. There was here a clear recognition and ratification of the lease, if any such recognition or ratification had been necessary."

In Anderson v. Connor, 43 Misc. Rep. 384, 87 N. Y. Supp. 449, the president of a corporation which held a lease of certain property for the term of ten years, undertook to sublet a part of the property for three years at a monthly rental. After the surrender of the original lease, a subsequent grantee brought proceedings, alleging that the subtenant was a monthly tenant, and resting his case on the ground that the president of the corporation was without authority to enter into the lease. In respect to the point decided the court said:

"There being no legal evidence of any authority, written or verbal, to Lamb [president] to execute a lease on behalf of the Amsterdam Realty Company, it must be conceded that the lease, at its inception, was void as to that company, and might have been disavowed by it. Although a void lease, inasmuch as the lessor had no authority to make it, it was not, properly speaking, an invalid lease; that is to say, it complied with all the legal requirements as to form and substance, and as between Lamb and the tenant was a complete instrument. All that it lacked was Lamb's authority to convey the term, and to invest the tenant, as against the real owner, with the right of possession. In short, Lamb had, without authority, undertaken to lease the property of the realty company. As it is within the power of the realty company to disavow this lease, so it was within its power, and within the power of subsequent grantees of the property, to accept and ratify it, and when thus ratified it would become valid and effectual for every purpose. * * * Such ratification may be inferred from the fact that the owner of real property held under an unauthorized lease, with knowledge of the infirmity of the lease, recognizes the lessee as his tenant, and accepts and receives from the tenant the

benefits of the lease. This was done by the Amsterdam Realty Company. From the commencement of the term, down to the date that it surrendered its interest in the property, it recognized this tenant as its tenant and accepted his rent. It must be held to have done this with knowledge of the facts relating to the lease, because its principal officer himself executed the lease and let the tenant into possession. The company is certainly chargeable with his knowledge. Not only was that lease ratified by the Amsterdam Realty Company, but every subsequent grantee of the property, including the landlords who institute this proceeding, have also, as a matter of law, ratified the lease."

Not only was the lease ratified by Allen L. Clark by his acceptance of the rents with knowledge of the facts, but the Allen Clark Company is bound by the same principle. As we have seen, two of the directors joined in directing the secretary to execute the lease, and the remaining director, Clark, received notice of it and commenced to collect the rents shortly afterwards. Thus, all the directors knew all of the details of the transaction not later than May, 1919.

In the early part of the succeeding month, the corporation authorized Allen L. Clark, as president of the Allen Clark Company, to collect rent from all the lessees of the company. This authority is in writing, under the corporate seal of the company, and was given to the respondent shortly after Clark's return from California. It reads:

"June 7, 1919. To All of the Lessees of the Allen Clark Company: This is to certify that Allen L. Clark, president of the Allen Clark Company, is authorized to collect rent for said Allen Clark Company. Allen Clark Company, by Allen Clark, President and Director; W. J. Luke, Secretary and Director."

6. No effort was made to show that this certificate was not duly authorized by the company, and the signature of the secretary and the impression of the corporate seal raises the presumption that the instrument

was made at the direction of the company. Evans v. Lee, 11 Nev. 194; South. Cal. Col. Assn. v. Bustamente, 52 Cal. 192–196; Florence Oil and Refining Co. v. Oil Well Supply Co., 38 Colo. 124, 87 Pac. 1077; Koehler v. Black River Falls Iron Co., 67 U. S. (2 Black) 715, 716, 17 L. Ed. 339.

7. Clark's acts in collecting the rents were therefore sanctioned by the corporation, which, with full knowledge of all the facts, remained silent and did not attempt to repudiate the lease until January 2, 1921, more than a year and a half after the company had given its president authority to collect the rents from respondent. Under our view the Allen Clark Company ratified the lease given to respondent.

The judgment of the trial court must be affirmed; and it is so ordered.

COLEMAN, J.: I concur.

SANDERS, J., did not hear the argument, and did not participate in this opinion.

[The foregoing case is pending on rehearing.]