No. 2600

# HARDY v. BLACK MAMMOTH MINING COMPANY

December 3, 1923.                    220 Pac. 241.

1. CORPORATIONS—SIGNATURES OF OFFICERS ON NOTE AND SEAL PRESUMPTIVE EVIDENCE OF DUE EXECUTION.

   A note and mortgage of a corporation, signed by its president and secretary as its act, with its seal affixed, are sufficient to raise presumption of due execution by the corporation.

2. CORPORATIONS—INTRODUCTION OF NOTE AND MORTGAGE MADE PRIMA-FACIE CASE AGAINST CORPORATION.

   In an action to foreclose a mortgage given to secure payment of a note and for recovery on the note, the introduction of the note and mortgage, signed by officers as an act of the corporation, with seal affixed, made a prima-facie case that the instruments were authorized.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by Alexander M. Hardy against the Black Mammoth Mining Company. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. **Reversed.**

*J. G. Thompson*, for Appellant:

A corporate seal must be proved by competent testimony. 2 Thompson, Corporations (2d ed.), sec. 1926. The corporate seal carries with it prima-facie evidence of assent of corporation, when its authenticity is established. Idem, sec. 1927. When the signatures of officers are proved the courts may presume such officers did not exceed their authority. Idem, sec. 1928.

Corporation books and records may be introduced against the corporation as admissions. Jones, Evidence (2d ed.), sec. 518.

This court has pointed out the importance of clear, unequivocal, specific findings of fact. A trial court should be able to make its findings clear. Crumley v. Fabbi, 47 Nev. 14.

*A. B. Ritchey*, for Respondent:

A note and mortgage for a debt due from a corporation to directors will be closely scrutinized and set aside

if not entirely in good faith and the whole amount justified. Graves v. Mono Lake Co., 81 Cal. 303.

A corporation note signed by its president and secretary, payable to the order of the president, is presumptively unauthorized. An indorsee for value, without inquiry of officer's authority, takes at his peril. Ankens v. Rouse, 26 Weekly Law Bulletin, 12 Am. Dig. 221.

Presumption of authenticity of properly signed and sealed corporate instrument is rebutted where instrument is for benefit of executing officer. Thompson, Corporations, 1922, Cum. Suppl. 1928.

Burden is on director to show good faith when it is questioned. Star Mills v. Bailey, 130 S. W. 1077; 7 R. C. L. 470.

Identity of corporate books should be shown by oath of competent witness. 2 Thompson, Corporations (2d ed.), 1852. Authority for affixing seal was not shown. Court should exercise great caution in admitting such evidence. Richardson v. Green, 133 U. S. 30; Graves v. Mono Lake Co., supra.

Salinger was custodian of seal, and its presence on any paper proves nothing.

By the Court, DUCKER, C. J.:

This suit was brought to foreclose a mortgage alleged to have been executed by a corporation to secure the payment of a promissory note in the sum of $2,500, and for the recovery of the amount due on the note. In substance it is alleged in the complaint that the corporation, defendant in the court below and respondent here, duly executed the note and mortgage to I. Salinger; that ten months' interest had been paid, and that there still remained unpaid said principal sum of $2,500, with interest thereon from July 1, 1921; that the plaintiff is now the lawful owner and holder of said note and mortgage as the assignee of the mortgagee. The corporation filed an answer which, with the exception of certain admissions, contained general denials of the allegations of the complaint. The action was tried

before the court below without a jury, and judgment rendered in favor of the respondent. From the judgment, and an order denying a motion for a new trial, this appeal is taken.

On the trial of the case, appellant introduced in evidence the note and mortgage in question. Both the note and mortgage purport on their face to have been executed by the corporation by having its corporate name signed thereto by its duly authorized officers, the president and secretary, and its corporate seal affixed; said officers having been expressly and specifically directed so to do by a resolution of the board of directors of said corporation, duly adopted by a majority of the said board at a meeting thereof, duly called and held. The signatures of the president and secretary of the corporation on the note and mortgage were proved by a witness who knew their signatures, and the impression of the seal on the note was proved to have been made by the seal of the corporation. Written assignments to appellant, for value received, dated October 11, 1921, signed by the mortgagee, indorsed on the note and mortgage, were introduced in evidence, and said signature proved to be his.

The appellant testified that he received the mortgage shortly after the date of the assignment, and that no part of the note had been paid, except the interest payments indorsed on the note. The respondent made no attempt to show that the instruments were not duly executed by it, but rested its case without introducing any evidence. It also appeared that the assignor of the note and mortgage was a director of the respondent corporation. Under this state of facts the trial court found that appellant had wholly failed to establish the allegations of the complaint, and in its conclusions of law, and judgment, declared that the note and mortgage were null and void.

1. The only contention counsel for respondent makes in this court, as we glean from his brief, as to why the evidence failed to sustain the allegations of the complaint, is that, because the mortgagee was a director of

respondent corporation, the mortgagor, the appellant, had the burden of proving, not only the due execution of the note and mortgage, but that the mortgagor received the benefits of the transaction. The answer to this that no such issue was made by the complaint and answer. In the former it is alleged that the corporation duly executed the note and mortgage, and in the answer this allegation was denied. The note and mortgage signed by the president and secretary, as the act of the corporation, with its seal affixed, admitted in evidence, were sufficient to raise the presumption that the instruments were duly executed by the corporation. Clark Realty Co. v. Douglas, 46 Nev. 378, 212 Pac. 466, and cases cited; Thompson on Corporations (2d ed.), Cumulative Supp. 1922, par. 1928; 1 Clark and Marshall, Private Corporations, pp. 510, 511.

2. A prima-facie case was therefore made by the evidence of appellant, that the instruments were authorized by the corporation, and the presumption was not rebutted by it. No issue having been tendered by the respondent as to any defense it may have had against the assignor of the note and mortgage, it was unnecessary under the pleadings for appellant to adduce evidence as to the conditions under which the respondent executed its note and mortgage to its director and secretary. In the case of Graves v. Mining Co., 81 Cal. 303, 22 Pac. 665, cited by respondent, which was an action brought to foreclose a mortgage of a corporation by the assignees of the mortgagee, who were the directors of the corporation, the answer, in addition to denying the execution of the note and mortgage, set up the fraud of the directors in procuring the passage of the resolution authorizing the execution of the note and mortgage in the suit and that there was no consideration therefor. The issue as to the validity of the note and mortgage was consequently made in that case. In the instant case it appears from the record that H. G. Clinton, vice-president of the respondent corporation, filed an answer containing an affirmative defense, in which the fraud of the mortgagee, as secretary and

director of the corporation in procuring the note and mortgage in question to be executed, is alleged, which was replied to by appellant, but no appearance was made at the trial on this answer. The case was tried in the lower court on the pleadings of the appellant and respondent.

The judgment is reversed.