## No. 11,890.

### COTTON v. ROBERTS BROTHERS, ET AL.

Decided March 26, 1928.    Rehearing denied May 7, 1928.

Action on money demand.    Judgment for defendants.

### *Reversed.*

1. APPEAL AND ERROR—*Affirmative Defense.* Affirmative defenses which are unsupported by evidence will not be considered on review.

2. ASSIGNMENTS—*Partial—Actions.* The general rule is that an action upon a partial assignment of a single debt will not lie by the assignee against the debtor unless the latter accepts or approves the assignment.

3. ACTIONS—*Assignments—Split Cause of Action.* In an action to recover money under an assignment, it appearing that the amount assigned was a balance due, the remainder of the indebtedness having been discharged and released, it is held that the rule against splitting of a cause of action did not apply.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. W. CLAYTON CARPEN-
TER, Mr. E. G. KNOWLES, Mr. DAVID A. FITCH, for de-
fendants in error.

*Department One.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THIS is an action by Lee Cotton against Roberts
Brothers and others, a copartnership, to recover the sum
of $3,000 upon the following instrument of writing de-
nominated an assignment:

"Know all men by these presents, That we, Connelly
& Knowlton, a partnership composed of William L. Con-
nelly and H. E. Knowlton, for good and valuable consid-
erations hereby sell and assign to Lee Cotton the sum of
three thousand ($3,000) dollars, which sum is a portion
of the moneys due us by Roberts Brothers, Peterson,
Shirley & Gunther, a co-partnership composed of J. H.
Roberts, J. A. Roberts, G. W. Roberts, Edward Peterson,
J. P. Shirley, and Herman Gunther; and hereby instruct
and direct said co-partnership named to pay said funds
to the said Lee Cotton, authorizing him to receipt for
same for and in our stead.

"Done this 2nd day of June, A. D. 1926.

"Connelly & Knowlton,
"Witness: R. Plaster.          By W. L. Connelly."

The Roberts Brothers, et al., as a copartnership, men-
tioned in this instrument, was the principal contractor,
and Connelly & Knowlton, as a co-partnership, was a
subcontractor, in the construction of various reclamation
projects and railroad work in the western states. The
plaintiff Cotton was the attorney of the Connelly firm
which owed him $3,000, and this assignment was made by
the Connelly firm to Cotton as a payment due him for
attorney fees. The Roberts firm, the principal con-
tractor, owed the Connelly firm, the sub-contractor, the

sum of $8,168.69, $3,000 of which was assigned, or attempted to be assigned, by the Connelly firm creditor to its attorney Cotton. The answer of the Roberts firm consisted of several different defenses, being a partial denial of some of the allegations of the complaint, and several separate affirmative defenses in the answer, all of which affirmative matters are denied in the replication. The trial was to the court without a jury. Plaintiff produced evidence tending to establish the affirmative allegations of his complaint, excepting those admitted in the answer. There was no testimony by the defendant, either bearing on the testimony of the plaintiff, or in support of the affirmative defenses of the answer. These affirmative defenses, therefore, are not to be considered upon this review as there is no evidence to sustain them.

The main and pivotal question in the case is whether the action as pleaded is maintainable, inasmuch as it is said to be an action upon a partial assignment of a single debt. The general rule is that an action upon a partial assignment of a single debt will not lie by the assignee against the debtor unless the latter accepts or approves of the assignment. The material facts are not contradicted and we think the judgment of the trial court thereon, which was for defendants was wrong. The Roberts firm, the principal contractor, admitted that, at the time of the assignment, it owed the assignor, sub-contractor Connelly firm, the sum of $8,168.69, $3,000 of which indebtedness was the subject matter of the written assignment. Our reversal might be based upon the proposition that the defendant Roberts firm by its conduct virtually accepted, or approved of, the assignment and thereby consented that, even if the complaint is based upon a split cause of action, no objection on that ground would be urged. But a better, and altogether tenable, ground, we think, upon which to base our reversal is that the action, as tried, is not one by the plaintiff to recover against the defendant on a partial assignment of a single

debt. It is admitted by the defendant in its answer that, at the time of the assigment, it owed the Connelly firm, the assignor, over $8,000 and that after this assignment was made, to the knowledge of all the parties, the assignor, the Connelly firm, released the Roberts firm of and from all indebtedness which the latter owed to the former, which included the $3,000 which is the subject of the written assignment. There is a denial by plaintiff in the replication that the release included the $3,000 assigned to him, and the defendant says that it was released by the creditor of the total sum due the Connelly firm, including the $3,000 assigned to plaintiff. There was no evidence, as we have said, by the defendant, hence the allegation in the answer of release of the entire debt being denied in the replication, and defendant producing no evidence, the case as made constitutes an admission by defendant that although, at the time of the assignment, the Connelly firm entire claim was due and unpaid, yet thereafter and before the trial, the defendant was not indebted in any sum to Connelly because it had a release of all indebtedness by its creditor, certainly of everything except the assigned $3,000. Therefore, the rule against splitting of a cause of action, based upon a single debt, does not apply. That rule was established and is enforced for the protection of the debtor to save him the costs and expenses and annoyance of defending successive separate actions for a single debt. The only debt at the time of trial that defendant owed on the Connelly firm claim, part of which was assigned to the plaintiff, was the $3,000 for which this action was brought, the balance of the debt theretofore having been discharged and released; hence the case as made is not a split cause of action.

To remove any impression that we have overlooked one of the separate defenses of the answer that the subject matter of this action is included as a part of another action brought in the Federal District Court of Nebraska, at Omaha, by the defendant firm against the Connelly

firm, even though we are not required to consider this defense for the reason hereinbefore given, it is sufficient to say that if we were required to examine the pleadings in that case, embodied in the supplemental abstract, they show on their face a recognition by the defendant here, plaintiff there, by a provision in the stipulation entered into in the Omaha suit that, in case the judgment there was in favor of the defendant there, the Connelly firm, it was agreed that the assignment, the subject matter of the present action, should be submitted to and considered by the Omaha court or jury in arriving at their findings and judgment.  This is a recognition by the defendant here that the amount of this assignment, $3,000, was to be credited upon or deducted from the amount of the judgment that might be awarded there against it under the issue of accounting in that case.  In any event there is nothing now before us based upon the Omaha suit that affects the right of the plaintiff to recover in this action against the defendant.  The judgment is therefore reversed, and the cause is remanded for a new trial, to be in harmony with the views expressed in this opinion.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.