[Nos. 5436, 5437.]
[Nos. 3095, 3096 C. A.]

THE HARTFORD FIRE INSURANCE COMPANY
v. HAMMOND.

THE LIVERPOOL AND LONDON AND GLOBE INSURANCE
COMPANY v. HAMMOND.

1.  **Practice in Civil Actions—Continuance—Absent Witnesses—**
    **Admission of Facts.**

    An application for continuance on account of absence of a
material witness is properly denied where the opposing party
admits that, if the witness were present, he would testify as
stated in the affidavit for a continuance.—P. 324.

2.  **Practice in Civil Actions—Continuances—Absence of Attor-**
    **ney.**

    Where defendants were represented by able counsel, and it
is not shown that he did not fully present the matters on which
they relied, or that they were in any way prejudiced because
they were not represented by other counsel, the denial of a con-
tinuance because the principal attorney was too ill to attend the
trial is not an abuse of discretion vested in the trial court in
such cases.—P. 324.

3.  **Practice in Civil Actions—New Trial—Grounds—Absence of**
    **Witness.**

    Where a continuance on account of the absence of a witness
was denied because plaintiff admitted that, if the witness was
present, he would testify as stated in the affidavit for a con-
tinuance, defendant was not entitled to a new trial because
the witness, if present, would have testified to matters in addi-
tion to those recited in the application for a continuance, since
they should have set forth in the affidavit all they expected to
prove by the witness.—P. 326.

4.  **Appellate Practice—Verdict—Conflicting Evidence.**

    A verdict supported by competent testimony, on an issue
on which the evidence was conflicting, submitted under proper
instructions, will not be disturbed on appeal.—P. 327.

5.  **Insurance—Fire—Proof of Loss—Waiver.**

    Where defendant insurance companies refused to pay a loss,
not because of the absence of a statement or proof of loss, but
because they contended that the insured overestimated the
amount, the insured's failure to file proofs of loss, as required
by the policies, was waived by the companies.—P. 327.

*Appeal from the District Court of Otero County.*
*Hon. John H. Voorhees, Judge.*

Actions by George Hammond against The Hartford Fire Insurance Company and against The Liverpool and London and Globe Insurance Company. From a judgment in favor of plaintiff in each case, defendants appeal.    *Affirmed.*

Mr. SYLVESTER G. WILLIAMS, for appellants.

Mr. O. G. HESS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The same questions are presented in each of these cases, and we will, therefore, dispose of them in one opinion.

The first contention is that the court should have granted a continuance of the trial, asked for by defendants, appellants here. It appears that Charles F. Hawkins was a material witness on behalf of the defendants and that he was ill and unable to attend the trial. Because of his absence, defendants requested a postponement and filed an affidavit wherein were stated the facts which Hawkins had been expected to testify to. Plaintiff objected to a continuance and admitted that if the witness, Hawkins, were present he would testify as stated in the affidavit. When this was done the application for a continuance upon that ground was properly overruled.— Code of Civil Proc., § 177; *Baldwin Coal Co. v. Davis*, 15 Colo. App. 371; *Florence Oil Co. v. Oil Well Supply Co.*, 38 Colo. 124.

It also appeared by the application for the continuance that Sylvester G. Williams, attorney for defendants, was ill and unable to attend the trial. The defendants appear to have been represented by

able counsel, and there is no showing that the counsel who tried the cases did not fully present the matters, upon which defendants rely, to the court and the jury, or that the defendants were in any way prejudiced because of not being represented by other counsel at the trial.

In the case of *Reynolds v. Campling,* 23 Colo. 105, it appears that the appellant at the time of the trial asked for a continuance because of the absence of Mr. Hughes.  This court said:

"Perhaps Mr. Hughes was more familiar with the controversy than Mr. Dines, and for this reason could have been of more assistance to the defendant, but this would not entitle defendant to a continuance as a matter of law.  A large discretion is vested in the trial courts with reference to such matters, and this discretion should be exercised according to the circumstances of each case."

Other authorities to the same effect are: *Byers v. McPhee,* 4 Colo. 204; *Roberts v. People,* 9 Colo. 458.

We cannot see that the defendants were prejudiced by the action of the court, or that there was any abuse of the discretion vested in the court in such cases.

Defendants requested a new trial.  This application was based upon several grounds, only two of which are argued in the brief, namely, that defendants were prejudiced because of the unavoidable absence of Mr. Williams, the counsel, and it is contended that however able the counsel might have been who represented defendants at the trial, he was not as well informed as to the particulars of the case as Mr. Williams.  As has been seen in the case of *Reynolds v. Campling, supra,* this does not afford defendants the right to a continuance as a matter of law, and, of course, after the application for a

continuance had been refused it would not afford ground for a new trial. The defendants claim, also, in this application, that if the witness, Hawkins, had been there he would have testified to some matters in addition to those set forth in the application for a continuance. This does not afford ground for a new trial, because the defendants should have set forth fully in their affidavit all that they expected to prove by the absent witness.

The insurance policies upon which these actions were brought contained a clause to the effect that in the event of a disagreement as to the amount of loss, the same should be ascertained by two competent and disinterested appraisers, the insured and the company each to select one, and those two to select a competent umpire, and, in the event of the disagreement of the two, the differences to be submitted to the umpire. This was not done. There is evidence tending to show that the defendants appointed an appraiser residing at Pueblo, and that the plaintiff appointed an appraiser residing at Rocky Ford, the city in which the loss by fire was sustained. For some reason, which is not apparent, these two appraisers failed to meet, the defendant companies contending that they received no notice of the appointment of the plaintiff's appraiser, and plaintiff contending that he had notified them. After several weeks the plaintiff repaired the damage to the property in order to avoid the vacating of the premises by his tenant, and then brought this action. Defendants contended that the plaintiff should not have been permitted to recover in this action because the matter should have been submitted to the appraisers to determine the amount of the loss before the action was brought.

The court's instructions to the jury were to the effect that if the failure to have the damages ap-

praised was the fault of the plaintiff, they should find for the defendants, and if the fault was with the defendants, they should find for the plaintiff. These instructions were proper; the jury found for the plaintiff, and this finding is supported by competent testimony. The question having been fairly submitted to the jury, we will not disturb their findings.

The policies also contained a provision that in case of loss by fire the insured should, within sixty days thereafter, render a statement to the company, signed and sworn to by the insured, and containing a statement called the proof of loss. This was not furnished, and it is contended that they should not be held to pay the loss because of the absence of such statement. At the time of the fire the plaintiff immediately notified the local agents of the companies and they, by wire, notified the companies themselves at their home offices. Shortly after that, efforts were made upon the part of the plaintiff and representatives of the defendants to determine the amount of the loss, adjust the same and arrive at a settlement. This they were unable to do. The defendants then appointed their appraiser and the plaintiff appointed his, as hereinbefore stated.

It was held in *Hartford Ins. Co. v. Smith*, 3 Colo. 425:

"There must be a substantial compliance with the terms of the policy in furnishing the preliminary proofs before the assured is entitled to any indemnity in the case of loss, unless the company waived the defects in the proofs or waived the proofs altogether by putting a refusal to pay on other grounds."

The refusal to pay in this case was not because of the absence of this statement or proof of loss, but because it was contended that the insured over-estimated the amount of his loss, and, having based the refusal upon grounds other than the absence of the

preliminary proof, it is well settled that that objection was waived.—*Atlantic Ins. Co. v. Manning,* 3 Colo. 224; *Lampkin v. Travelers' Ins. Co.,* 11 Colo. App. 249; *Helvetia Ins. Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, and other authorities cited in cases herein referred to.

We are unable to find any error in the proceedings in these cases, and, therefore, are of the opinion that each of the judgments should be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.