No. 10,416.

OFFICER, as Executor, *v.* LONDON GUARANTEE & ACCIDENT CO.

Decided November 5, 1923.  Rehearing denied December 3, 1923.

Action to recover death benefit on an accident insurance policy.  Judgment for plaintiff for last premium paid, only.

*Reversed.*

1.  INSURANCE—*Accident—Life Insurance.*   An accident insurance company which writes policies providing for death benefits, is a life insurance company as that term is used in section 2532, C. L. '21.

2.   *Life Insurance—Suicide.*   Under the provisions of section 2532, C. L. '21, suicide of the insured is no defense against the payment of a life policy, and the statute can neither be waived nor abrogated by any plan or device whatsoever; neither can it be set aside by private agreement of the parties.

3.   *Suicide—Accident.*   The taking of one's life while insane, is an accident.

*Error to the District Court of Weld County, Hon. Gilbert A. Walker, Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, for plaintiff in error.

Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, for defendant in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THIS cause presents the question of the right of an accident insurance company, when sued on one of its policies providing for death benefits, to make suicide a defense, in the face of our statute prohibiting such defense.

The defendant relied upon the following provision in the policy: "4.  If while insane the assured shall inflict upon himself, or receive injuries fatal or otherwise, or while sane

shall intentionally inflict upon himself injuries fatal or otherwise, the measure of this company's liability shall be a sum equal to the last premium paid, the same being agreed upon as in full liquidation of all claims under this policy."

It is conceded that the insured committed suicide while insane. The trial court, giving effect to the above quoted provision, entered judgment in favor of the plaintiff for twenty-five dollars, the amount of the last premium paid.

Section 2532, C. L. 1921, first enacted in 1903, and twice since reenacted, provides that "the suicide of a policyholder after the first policy year, of a life insurance company doing business in this state, shall not be a defense against the payment of a life insurance policy, * * * whether said policy-holder was sane or insane."

For defendant in error it is urged that it is not a life insurance company, and hence not within the prohibition of the statute; and further, that paragraph 4, above quoted, is a stipulation by which the parties agree upon a sum to be paid in case of death occurring under the conditions in said paragraph named.

Counsel contend that it has been twice determined in this court that accident insurance companies are not to be regarded as life insurance companies under our statutes. They cite *Midland Casualty Co. v. Frame,* 67 Colo. 179, 185 Pac. 656 and *Union Health & Accident Co. v. Welch,* 71 Colo. 374, 206 Pac. 790. In the first case cited there was involved only a question as to whether or not an accident insurance company was subject to the provisions of section 37 of the act of 1907, which had to do with the time of bringing an action. The case holds that the contract in suit was not subject to the provisions mentioned, it not being, so far as that section was concerned, a life policy.

The question here presented of the application of the statute prohibiting suicide as a defense was not before the court, and anything said in the opinion and not called for by the facts can have no bearing upon the case.

The second case cited also involved the question of lim-

itation, and was decided upon the authority of the Midland Casualty case, *supra.*

Neither case attempted to distinguish, and in fact they did not refer to *Woodmen v. Sloss,* 49 Colo. 177, 112 Pac. 49, 31 L. R. A. (N. S.) 831, a case which must be regarded as overruled if those cases are determinative of this question.   In that case the action was upon a benefit certificate of a fraternal order, and it was contended that the statute above mentioned did not apply, because the contract was not made by a life insurance company.   The court held that a benefit certificate was, in legal contemplation, a policy of insurance, since it was in effect a life insurance policy, and it was subject to the prohibition above mentioned.   The court said:  "The statute is clear and specific, and is capable of but one rational construction, namely, that it was the intent and purpose of the legislature to prevent all companies, of whatsoever kind or character, issuing life insurance contracts, from escaping payment thereon in the event of death, simply on the ground that the insured committed suicide.   There is no exception in behalf of any particular kind of company, either expressed or implied, and manifestly none was intended.   *   *   *

That contracts like the one in suit are life insurance policies is, in this jurisdiction, settled beyond recall, and the courts, with great uniformity, have so treated them. Rightfully so because there is no essential difference between the provisions of this contract and those of the ordinary life insurance policy of regular, or old-line companies. That all life insurance contracts should receive the same construction, and be subject to the same statutory regulation and limitation, unless expressly exempted, must be conceded.   The statute in question provides that the act of suicide shall not be a defense to the payment of a life insurance policy, and was directed against such defense in all cases, without regard to the character or class of the company putting forth the contract."

Further on in the Woodmen case it is said:  "By this statute the state, through the proper authority, has de-

clared it to be against public policy to permit insurance companies to contract against the payment of their policies, in the event of loss, because the insured came to his death by suicide. * * * The provision in this contract making suicide a defense against payment, being against the policy of the state, as declared in the statute, is, for that reason, a nullity. The very object of the statute is to prohibit such stipulations. It can neither be waived nor abrogated by any plan or device whatever. The legislative will, when expressed in a peremptory statute, is paramount and controlling, and cannot be set aside by the private agreement of the parties."

This is a question purely of the application of the statute. It is not material what has been decided in other states where there is no such statute. The law is well settled in this jurisdiction, and we are entirely satisfied with the conclusions above stated.

Counsel for defendant in error cite *Brunswick v. Standard Accident Insurance Co.,* 278 Mo. 154, 213 S. W. 45, 7 A. L. R. 1213, Missouri having a statute similar to that now under discussion. The case, however, is not in point. It is settled law that the taking of one's life while insane is an accident. *Accident Co. v. Crandal,* 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740. In the Missouri case the question was, was the death of the insured accidental? which question depended upon whether he was sane or insane when he took the poison from which he died. In the opinion it is stated that a provision which excepts the company from liability when the injuries were self-inflicted when insane, would be void under their statute above mentioned.

To hold that the stipulation in paragraph 4 of the policy may be enforced, is in effect to abrogate the statute prohibiting the defense of suicide.

The judgment is accordingly reversed and the cause remanded with directions for further proceedings in harmony with the views herein expressed.

MR. JUSTICE BURKE and MR. JUSTICE SHEAFOR concur.