## No. 12,464.

MASSACHUSETTS PROTECTIVE ASSOCIATION *v*. DAUGHERTY.

(288 Pac. 888)

Decided May 26, 1930.

Messrs. Phelps, Baker & Gobin, Messrs. Brandenburg & Brandenburg, Mr. Frederick H. Nash, Mr. John H. Voorhees, for plaintiff in error.

Mr. Charles M. Rose, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Nora V. Daugherty, herein referred to as the plaintiff, recovered judgment on an insurance policy issued by the Massachusetts Protective Association, herein referred to as the defendant. The defendant seeks a reversal of that judgment.

On April 15, 1924, the defendant issued its policy, whereby it insured the plaintiff's husband, Frank E. Daugherty, against loss resulting from bodily injuries effected by accidental means, "excluding self-destruction, * * * while sane or insane." On August 19, 1926, the insured committed suicide. Suit was brought within the time specified in the policy.

1. Where a person commits suicide while insane, the death is an accident. *Officer v. London Guarantee & Accident Co.*, 74 Colo. 217, 220 Pac. 499; *London Guarantee & Accident Co. v. Officer*, 78 Colo. 441, 242 Pac. 989; *Accident Insurance Co. v. Crandal*, 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740; *Manhattan Life Insurance Co. v. Broughton*, 109 U. S. 121, 3 Sup. Ct. 99, 27 L. Ed. 878. There was ample evidence to support the finding that the insured was insane when he committed suicide. The defendant's contention to the contrary cannot be sustained.

2. In 1913 the Legislature passed an act, C. L., section 2532, that provides as follows: "From and after the passage of this act, the suicide of a policyholder after the first policy year, of any life insurance company doing business in this state, shall not be a defense against

the payment of a life insurance policy, whether said suicide was voluntary or involuntary, and whether said policyholder was sane or insane."

In this case the suicide occured after the first policy year. We have held that such provision is not in conflict with the Constitution; that it applies to life insurance policies, whether issued by a life insurance company or by an accident insurance company; and that any provision in a policy attempting to relieve an insurer from liability in case of suicide is a nullity. *Head Camp Woodmen of the World v. Sloss*, 49 Colo. 177, 112 Pac. 49, 31 L. R. A. (N. S.) 831; *Officer v. London Guarantee & Accident Co.*, 74 Colo. 217, 220 Pac. 499.

■ 3. The policy sued upon provides that, "In the event of accidental death immediate notice thereof must be given to the Association." Notice was given two years and eighteen days after the death of the insured. The defendant contends that by reason of her delay in giving notice, the plaintiff cannot recover in this action. There are two reasons why we cannot sustain the defendant's contention.

(a) The notice, if any were necessary, was given in apt time. When the plaintiff examined the policy after the death of her husband, she was confronted with this provision: "The Massachusetts Protective Association * * * does hereby insure * * * Frank E. Daugherty * * * against loss resulting * * * from * * * bodily injuries effected * * * by accidental means (excluding self-destruction * * * while sane or insane) * * *." Misled by the provision, she refrained from making a claim until, quite by accident, she discovered that she could compel the defendant to pay the loss notwithstanding its declared intention not to do so; whereupon she promptly notified the defendant of her husband's suicide. The defendant admits, and it is the law, that notice within a reasonable time would be a compliance with the requirement that "immediate" notice be given. What is a reasonable time depends upon the circumstances. The

trial court found that the plaintiff relied upon the provision quoted above; that she was deceived and misled thereby; that notice was not sooner given because of her reliance upon that provision; and that ''due and proper notice and proof of loss were made herein within a reasonable time under all the circumstances of the case.'' This finding is supported by the evidence. We assume, of course, that the provision was not inserted in the policy with deliberate intent to mislead, but it clearly has a tendency to mislead, and probably ninety-nine persons out of one hundred would be misled by it. Though not intended to be a trap, it operated as such in the present instance. It would be unjust to permit the defendant to profit by a delay caused by its own misleading statement.

(b) Notice was not necessary. The absolute refusal of an insurer to pay the loss in any event waives compliance with a provision requiring notice and proof of loss. *California Insurance Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577; *Supreme. Lodge, Knights of Honor v. Davis,* 26 Colo. 252, 58 Pac. 595; *Hartford Fire Insurance Co. v. Hammond,* 41 Colo. 323, 92 Pac. 686; *National Mutual Fire Insurance Co. v. Sprague,* 40 Colo. 344, 92 Pac. 227; *Hartford Fire Insurance v. Smith,* 3 Colo. 422; *Lampkin v. Travelers Insurance Co.,* 11 Colo. App. 249, 52 Pac. 1040;*Helvetia Swiss Fire Insurance Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, 53 Pac. 242; *Union Casualty and Surety Co. v. Mondy,* 18 Colo. App. 395, 71 Pac. 677; *Knickerbocker Life Insurance Co. v. Pendleton,* 112 U. S. 696, 5 Sup. Ct. 314, 28 L. Ed. 866; *Royal Insurance Co. v. Martin,* 192 U. S. 149, 24 Sup. Ct. 247, 48 L. Ed. 385. In *McDonald v. Bankers Life Association,* 154 Mo. 618, 55 S. W. 999, and *Metropolitan Life Insurance Co. v. Maddox* (Ky.), 127 S. W. 503, it was held that a denial of liability on the ground that the insured committed suicide waives proof of loss. While the denial of liability that dispenses with notice and proof of death occurs more frequently after the death of the insured, it is just

as effective if liability is denied or repudiated before his death. *Supreme Lodge, Knights of Honor v. Davis,* 26 Colo. 252, 58 Pac. 595; *Equitable Life Assurance Society v. Winning,* 7 C. C. A. 359; *Girard Life Insurance, Annuity & Trust Co. v. Mutual Life Insurance Co.,* 97 Pa. St.. 15. The provision quoted above was an absolute, unqualified denial and repudiation of liability in case the insured committed suicide while sane or insane and whether within or after the first policy year. In effect, it was a declaration that in case the insured committed suicide while sane or insane and whether within or after the first policy year, the insurer would not pay the insurance money, and that notice of death, even if given immediately, would be of no avail. It was a continuing denial and repudiation. It was effective when the policy was examined by the plaintiff after the death of her husband. It was the same, in effect, as though the defendant at that time had written a letter to the plaintiff absolutely denying liability on the ground that her husband committed suicide.

It seems that our construction of the provision is substantially the one placed upon it by the defendant itself. The trial court made this finding: "By the issuance and delivery of said policy defendant herein disclaimed any liability in any event for the death of the insured resulting from self-destruction or any attempt thereat while sane or insane, and defendant herein confirmed such disclaimer immediately prior to the bringing of this. action." The finding is sustained by the evidence. As late as September 14, 1928, after receiving notice of Daugherty's suicide, the defendant wrote to the plaintiff's lawyer a letter in which we find the following: "You state that Mr. Daugherty while insane committed suicide on August 19, 1926. Please note that the policy insures against loss from certain kinds of accidental injuries and disease as defined in the first clause of the policy—specifically 'excluding self-destruction, or any

attempt thereat, while sane or *insane.*' " The word "insane" apears in italics in the original.

In the circumstances, it was not necessary for the plaintiff to go through the idle ceremony of giving notice.

We think that our former conclusion was correct. Under the law and the evidence, the plaintiff is entitled to her judgment against the defendant.

The judgment is affirmed.