## No. 13,229.

LOYAL PROTECTIVE INSURANCE COMPANY *v.* HUFFINGTON.

(18 P. [2d] 1017)

Decided January 30, 1933.

Messrs. TUPPER, SMITH & HOLMES, for plaintiff in error.

Messrs. FAIRLAMB & FAIRLAMB, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company and defendant in error as Huffington.

Huffington held an accident policy in the company. Having sustained an injury, he brought suit on the contract. On a trial to the court he had judgment for about $700. To review that judgment the company prosecutes this writ and asks that it be made a supersedeas.

The record raises but two questions which require consideration: (1) Was the accident within the terms of the policy? (2) Was recovery precluded by failure to furnish proof of loss within the ninety days fixed by the policy, or by suit prior to the expiration of sixty days thereafter, as therein limited?

■ 1. Among the provisions of the policy in question are the following:

"No reduction shall be made in any indemnity herein provided * * * by reason of his doing any act or thing pertaining to any other occupation * * *.

"Nor shall indemnity be payable for injury sustained by the insured while employed * * * in the * * * occupational use of explosives, * * *."

Huffington is a farmer on whose land are rocks which impede its working. Some are so large as to require blasting. While thus attempting to dispose of one of these a dynamite charge exploded unexpectedly and destroyed one of his eyes. The company contends that his blasting operations were an integral and essential part of his farming operations; that farming was his actual occupation and was so given in his application for the policy, on which occupation the rate was based; and that hence he was engaged in the "occupational use of explosives"; and cannot recover. The evidence shows that Huffington usually hauled the rocks from his place and but rarely found one which required blasting. Hence we think it clear that his blasting was occasional and incidental, not occupational. In the same way he might have occasionally used a shotgun to kill ducks and rabbits and thus supplement the family meat supply, but if injured while so doing it could scarcely be maintained that he was thus engaged in the "occupational use of

explosives'' as a hunter. At the most, in either case, he was merely doing a thing pertaining to another occupation, which was permitted under the above quoted provision relating thereto. *Federal Life Ins. Co. v. Hall,* 90 Colo. 581, 11 P. (2d) 215.

■■ 2. The accident occurred May 5, 1932, and disability continued to June 20 following. The complaint was filed August 30, 1932. The policy required proof of loss within ninety days and prohibited suit for sixty days thereafter. The company defends because of the violation of those provisions. However, May 31, 1932, the company advised Huffington, by letter, that his accident came within the ''occupational'' exemption above quoted, and added, ''We are very sorry indeed that it is impossible to allow the indemnity which would otherwise be payable on account of the injuries you sustained.''

It is well settled that when an insurer denies liability, placing its repudiation on a definite ground other than want of notice, proof of loss or premature suit, it waives the right to insist thereon. 33 C. J. p. 32, §694; Id. p. 75, §782; *National Mut. Fire Ins. Co. v. Sprague,* 40 Colo. 344, 92 Pac. 227; *Jennings v. Brotherhood Acc. Co.,* 44 Colo. 68-72, 96 Pac. 982; *London G. & A. Co. v. Officer,* 78 Colo. 441-447, 242 Pac. 989. Here, however, the company went further. By admitting that the claim would ''otherwise be payable'' it expressly waived.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.