## No. 13,111.

HOME INSURANCE COMPANY OF NEW YORK *v.* TAYLOR ET AL.

(32 P. [2d] 183)

Decided February 5, 1934.   Rehearing denied May 7, 1934.

Mr. ROGER UNDERWOOD, Messrs. McHENDRIE, SHATTUCK & POINTER, for plaintiff in error.

Mr. C. W. DARROW, Mr. C. H. DARROW, for defendants in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by Claire Taylor and Mary M. Fougnier against the defendant the Home Insurance Company of New York to recover a judgment for $3,000 on account of loss by fire or lightning of a dwelling house insured by defendant, situate on lands owned at the time by the plaintiff Taylor, but subject to a trust deed in favor of the plaintiff Fougnier. The complaint in substance aleges that the policy in question covering a period of three years from December, 1927, to December, 1930, was issued by defendant through Howard & Howard, its local agents, to the plaintiff Fougnier who at the time owned the land on which the dwelling house was situate and who paid the premium on the policy. In December, 1927, Fougnier conveyed the premises to the plaintiff Taylor taking back a trust deed on the same which secured notes in the amount of $3,500 given in part payment of the purchase price. In January, 1929, the plaintiff Fougnier assigned the policy to the plaintiff Taylor, which was approved by the insurance company, and a loss payable clause in favor of plaintiff Taylor was duly issued and attached thereto. The dwelling house was totally destroyed by fire in September, 1930, and the value of the property burned was in excess of $5,000. There was a general allegation in the complaint that the plaintiffs had done and performed everything requisite or necessary to be done by them under the terms of the policy and by reason of the loss defendant became indebted to the plaintiffs in the sum of $3,000 but it failed and refused to pay the same or any part thereof.

In the answer of the defendant there is a denial that the dwelling house was worth more than $3,000, and a denial that plaintiffs had done all that they were required to do under the terms of the policy. With the exception

of these two denials the defendant admitted substantially all the other allegations of the complaint and then proceeded to set up the following four separate and distinct defenses thereto. The first defense is that the assignment of the policy by Fougnier to Taylor was made subject to all the terms and conditions of the policy, a copy of the printed form of which was attached to the answer, which policy contains the two following stipulations: (1) If the property insured or any part thereof should thereafter become mortgaged or incumbered without the written consent of the insurer, defendant herein, the policy of insurance shall become null and void, notwithstanding which provision, on October 5, 1929, the plaintiff Claire Taylor and her husband gave a trust deed to one Edmund Pauls upon the lands upon which the insured dwelling house was situate without defendant having agreed thereto or otherwise. (2) Plaintiffs failed to render proof of loss within sixty days from the date of loss as required by the terms of the policy. There were two additional defenses, the third and fourth, which were expressly abandoned by the defendant at the trial as not having been established by the evidence, and therefore, they are not to be considered upon this review.

Plaintiffs filed a replication to the answer which counsel for the defendant say is not easily understood. However that may be, they proceeded thus to state its contents: That under the provision against subsequent incumbering, the policy was rendered not void, but voidable only, by such incumbrance and the policy had never been voided by the defendant; that the lien of the subsequent incumbrance had been reduced from $5,000 to $2,000; that prior to the fire the giving of the trust deed was made known to defendant and defendant waived the provision of the policy against subsequent incumbrances.

The replication admits that plaintiffs did not make proof of loss within the required number of days of the date of the loss as required by the policy, but pleaded in avoidance of such failure that plaintiffs were lulled into

sleep by the representations of the local agents of the insurance company that they themselves had notified the insurance company and had done everything that was necessary in the premises and that when plaintiffs learned of this failure of the agents to do as promised they proceeded to make and thereupon furnish the required proof; that defendant had not at any time tendered to the plaintiffs the unearned premium of the policy sued upon and has not taken any steps to void the policy for any reason until the filing of its answer herein. Defendant filed a general and specific demurrer to the replication which was overruled by the trial court.

Trial by agreement was to the court without a jury. The court found the facts in favor of the plaintiffs and awarded them a judgment of $3,000, the same being the amount named in the policy. Defendant's motion for a new trial was overruled and the appropriate judgment was entered in favor of the plaintiffs.

Counsel for the defendant company have adequately presented their several assignments of error and we shall dispose of this controversy upon the merits which are thus set forth in their answer and brief: (1) The insured failed to file within sixty days after the fire a proof of loss under oath or otherwise which the insurance policy requires; (2) the stipulation in the policy against subsequent incumbrances was violated by plaintiffs which renders the policy of insurance void; (3) lack of ownership in fee of the insured property by plaintiff Fougnier when the policy was issued; (4) misrepresentation by plaintiff Taylor as to facts concerning personal property incumbered in her application for transfer of the insurance policy to her from plaintiff Fougnier.

The record clearly shows, and counsel for defendant admit, that the above third and fourth defenses were abandoned by the defendant at the trial, and in their brief reaffirm the waiver of the third and fourth alleged defenses and they do not on this review make any contention whatever as to these two abandoned grounds.

We, therefore proceed to a discussion only of the first and second special affirmative defenses set up in the answer and which only are urged here by counsel for the insurance company as grounds for reversal.

1. The plaintiffs did not file within the period of sixty days from the day of the fire proof of loss, which the insurance company policy requires. In their replication to the answer, and at the trial below and in their briefs here, the plaintiffs in substance say that the local agents of the insurance company, by whom the policy was issued and delivered to them, took upon themselves the task of representing the plaintiffs in their claim against the insurance company for their loss sustained by the fire. It may be that the local agents were not authorized by the insurance company to bind it by any promise they might make in the matter of collecting from the insurer the amount of the loss sustained by the insured. However that may be—and we do not base our decision upon the alleged acts of deception by the local agents—it appears without contradiction in the record in this case, and the trial court specifically finds, that the insurance company defendant absolutely refused in any event to pay the loss to these plaintiffs which resulted to them by this fire, and thereby the insurance company waived compliance with the provision of the policy requiring notice of proof of loss. In one of our recent cases, *Massachusetts Protective Ass'n v. Daugherty*, 87 Colo. 469, 288 Pac. 888, the opinion states that where an insurance company, as here, defends on other grounds than failure to submit proof of loss within a time certain, the latter requirement may not be successfully set up as a defense. There are many other cases cited in the Daugherty opinion to the same purport, but we shall not reproduce them here. Counsel for the insurance company, however, say that our Court of Appeals in *United Commercial Travelers v. Boaz*, 27 Colo. App. 423, 150 Pac. 822, held otherwise and overrules some of its own previous cases to the contrary. It is scarcely

necessary to say, even if our Court of Appeals in the Boaz case came to a conclusion upon this subject at variance with the decisions of this court, the decisions of the latter, and not the decisions of the Court of Appeals, are paramount and controlling.

2. In its answer to the complaint the defendant in substance alleges that the policy issued to plaintiffs contains a stipulation or provision that, if the property insured should thereafter become mortgaged or incumbered without the written consent of the insurer, the policy shall thereupon become void. Notwithstanding which provision the insured thereafter, the answer says, incumbered the property without the consent of the insurer. The trial court, however, in its written opinion or decision, said that such alleged stipulation set out in defendant's answer is not contained in the policy sued upon and given in evidence. Notwithstanding this assertion the trial judge further intimates that in some policy issued by the company, and apparently this particular policy, though it is not specifically so alleged, there was a clause against placing such an incumbrance on the insured property of this alleged objectionable character. We shall, however, dispose of this particular defense on the assumption, and in accordance with the defendant's contention, that the policy sued on contained this incumbrance provision.

In their complaint the plaintiffs allege that they have done and performed, or caused to be done and performed, each and every the acts and things requisite or necessary to be done under the law in such cases and on the terms and conditions of said policy, to be on their part or on the part of either of them, done and performed in the circumstances of this particular case. Section 72 of our Code of Civil Procedure specifically authorizes this manner of pleading performance of a condition of a contract. And if a defendant desires to negative the performance thereof, the breach of such condition relied upon by the defendant must be specifically

pleaded and affirmatively proved by him. Applying this section of our Code we say that when the plaintiffs so pleaded, under section 72 of our Code, the defendant was required to answer by specifically alleging plaintiffs' breach of the particular condition upon which it relied and, of course, unless it proves the breach recovery may not be had. An allegation not in accordance with that requirement may not be taken as a variance to the advantage of defendant. This was specifically held in *National Surety Co. v. Queen City Co.*, 63 Colo. 105, 164 Pac. 722, and *Helvetia Insurance Co. v. Allis Co.*, 11 Colo. App. 264, 53 Pac. 242, and a large number of other cases cited in the opinion.

Furthermore, in the opening statement of counsel for the defendant, it is said that the defendant admitted issuing the policy and also admitted the fire and the loss which occurred, and then proceeded to allege that there had been a certain breach of conditions by the plaintiffs in this case in incumbering the property without the consent of the defendant company. We do not find in this attempted proof on the part of the defendant that there was any evidence even tending to show a lack of consent on the part of the insurer. The trial court found that this alleged defense, upon the evidence produced, was not established and we cannot interfere with its finding.

Furthermore, we think the trial judge was right in holding that the defendant by its acts and conduct waived the alleged provision of the policy against subsequent incumbrance. This was an affirmative defense of the defendant and the burden of sustaining its own affirmative defense was on the insurer. Upon this point *Cotton v. Roberts Brothers*, 83 Colo. 505, 266 Pac. 1116, is directly in point.

To avoid misapprehension we need merely to say in conclusion that we have not overlooked decisions of other courts cited by the defendant that are not in all respects in harmony with the decisions of this court upon the

questions here determined. Nothing has been said in the able briefs of counsel for the insurance company that leads us to overrule our previous decisions which we have followed and enforced in the determination of this case. The judgment of the trial court, which found all disputed questions of fact in favor of the plaintiffs, is therefore, in all respects, affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.