## No. 13,610.

### Federal Life Insurance Company *v.* Wells.

(56 P. [2d] 936)

Decided March 30, 1936.

Mr. Wm. A. Bryans, III, for plaintiff in error.

Mr. Mortimer Stone, Mr. Alden T. Hill, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

This case was argued orally before a department consisting of Mr. Justice Butler (then chief justice), Mr. Justice Burke and Mr. Justice Young.

Katherine Wells, referred to herein as the plaintiff, recovered judgment against Federal Life Insurance Company, referred to herein as the defendant, on an insurance policy, and the company seeks a reversal of the judgment.

On December 11, 1929, plaintiff's husband, Paul Wells, obtained from the defendant a policy insuring him for twelve months against accidental death or disability. In case of accidental death, the loss was payable to his widow, the plaintiff. The policy permitted the insured to renew the insurance from year to year upon payment of the premium each year in advance. On June 10, 1931, while the policy was in force, the insured was killed instantly by lightning. On May 25, 1933, the plaintiff gave to the defendant written notice of the death and its cause.

The policy provides: "In event of accidental death, immediate notice thereof must be given to the company. * * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The defendant contends, and the plaintiff denies, that the action was barred because notice was not given within the time required by the terms of the policy. The plaintiff contends, and the defendant denies, that the de-

fendant waived compliance with the provisions quoted above.

The case was submitted to the jury with the instruction to determine, first, whether the defendant company waived the requirements of the policy respecting the time of giving notice, and, if not, then to determine whether or not notice of death was given within a reasonable time. Upon these issues the jury gave a general verdict in favor of plaintiff, and judgment was entered thereon.

As we have concluded that, under the undisputed evidence, the defendant waived compliance with the provisions in question, it is not necessary for us to discuss at length the question whether notice was given as soon as it was reasonably possible to give it, but will merely say that, in our opinion, the undisputed evidence was sufficient to support a finding thereon in favor of the plaintiff.

1. In answer to a letter from plaintiff's attorney advising the defendant of the accidental death of the insured, the defendant called attention to the provisions quoted above and said: "I also wish to call your attention to the fact that the beneficiary did not comply with this provision of the policy. * * * We are inclined to believe that we do not have a liability in this case." The defendant enclosed blank forms for proof of loss, and stated: "As soon as these proofs are completed we shall be glad to receive and consider same." The plaintiff's attorney sent the proof of loss, and said: "We believe we can establish a sufficient legal excuse for the failure to comply with the standard provisions No. 4 and 7, and trust you will give this claim your serious attention." The defendant then called attention to the omission of certified copies of death certificate and coroner's verdict. Plaintiff's attorney thereupon furnished the required certificates, whereupon the defendant wrote the following letter to the plaintiff's attorney: "I desire to advise that our Claim Committee has reviewed carefully the

proofs submitted and other information in file and regrets to advise that this claim, in their opinion, does not come within the coverage of the policy.'' Upon the receipt of that letter by her attorney, the plaintiff commenced suit.

 Not until it wrote the last letter did the defendant refuse to pay or deny liability. It merely called attention to the provision concerning notice and the failure to comply therewith, and stated that it was ''inclined'' to believe that it was not liable. At no time after plaintiff's attorney expressed the belief that ''we can establish a sufficient legal excuse for the failure to comply with'' the provisions to which defendant had called attention, did the defendant, before filing its answer, refer to such provisions. Not once did it reject the claim or deny liability, before filing its answer, for noncompliance therewith. The only reason stated by the defendant, prior to the filing of the answer, for denying liability and refusing to pay was the one stated in defendant's last letter, namely, that the claim does not come within the *coverage* of the policy. In basing its denial of liability and its refusal to pay upon that ground only, the defendant waived the right to insist upon all other grounds of objection, including failure to comply with the provisions concerning the time to give notice. *Atlantic Ins. Co. v. Manning,* 3 Colo. 224; *Hartford Fire Ins. Co. v. Smith,* 3 Colo. 422; *National Mut. Fire Ins. Co. v. Sprague,* 40 Colo. 344, 92 Pac. 227; *Hartford Fire Ins. Co. v. Hammond,* 41 Colo. 323, 92 Pac. 686; *Jennings v. Brotherhood Accident Co.,* 44 Colo. 68, 96 Pac. 982; *Massachusetts Protective Ass'n v. Daugherty,* 87 Colo. 469, 288 Pac. 888; *Loyal Protective Ins. Co. v. Huffington,* 92 Colo. 209, 18 P. (2d) 1017; *Home Ins. Co. v. Taylor,* 94 Colo. 446, 32 P. (2d) 183.

 ''Coverage'' means ''the sum of risks which an insurance policy covers.'' New Standard Dictionary (1927). And see Webster's New International Dictionary (2d Ed. 1934). It is a word used quite generally in

the insurance business, and was used on this occasion by the insurance company's adjuster, who, it must be assumed, understood its well-known meaning. The word cannot be stretched to cover a failure to give notice within a specified time.

■ 2. Defendant contends that it should not be held to have waived the time requirements concerning the giving of notice because in each of its letters it stated that the letter was written without prejudice to or waiver of any of the defendant's rights or defenses. That reservation possibly might be effective as to the first two letters written by defendant, but not as to the third letter, because in that letter the defendant definitely stated the specific ground upon which it based its denial of liability; in other words, it stated the defense upon which it elected to rely. The defendant could not avoid the effect of the waiver by adding a reservation in terms so general. This question was discussed in *Boaz v. Order of Commercial Travelers of America,* 69 Colo. 44, 168 Pac. 1178, although the facts in that case are not identical with those now before us.

■ 3. Defendant contends that after the expiration of the time within which the notice is due there cannot be a waiver. The authorities on that point are not harmonious. 33 C. J., p. 22. Discussing waiver of a failure to furnish proofs, it is said in 33 C. J., p. 33: "* * * It is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground, irrespective of whether the denial precedes or follows the time within which proofs should have been furnished." In *Hartford Fire Ins. Co. v. Hammond, supra,* we held that there was an effective waiver after failure to furnish proof of loss. We see no valid reason for not applying the same rule to cases involving failure to give notice within the prescribed time. The point made by defendant is not well taken.

460

4. The defendant says that before one can be charged with waiver there must be some change of position to the detriment of the other person. This contention would seem to ignore the distinction between waiver and estoppel. But even if the general proposition contended for were sound in law—and we express no opinion with reference thereto—the present case meets the requirement, for, relying upon the fact that the sole reason assigned for the denial of liability was that the claim does not come within the ''coverage'' of the policy, the plaintiff incurred the expense of employing an attorney and commencing suit. She well might have believed that the only defense would be that the policy does not cover death by lightning, and have confidently relied upon her ability to meet and overcome that defense.

The judgment was right and is affirmed.

Mr. Justice Burke and Mr. Justice Young concur.