John HALLER, Plaintiff–Appellee,

v.

HAWKEYE-SECURITY INSURANCE COMPANY, an Iowa corporation, Defendant–Appellant.

No. 95CA1781.

Colorado Court of Appeals, Div. I.

Feb. 6, 1997.

Rehearing Denied March 6, 1997.

Dickinson, Everstine & Prud'Homme, Michelle R. Prud'Homme, Denver, for Plaintiff–Appellee.

Rodman & Ross–Shannon, John R. Rodman, David L. Murphy, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Hawkeye–Security Insurance Company, appeals the summary judgment granted plaintiff, John Haller d/b/a Spirit Towing. We reverse.

Defendant was the automobile liability insurer for RFK Masonry, Inc. (RFK). On April 8, 1993, an employee of RFK was driving a pickup truck covered by defendant's policy when he was rear-ended in an accident which caused the truck to lose its custom-made and very heavy rear bumper.

Plaintiff's employee and a police officer of the City of Colorado Springs (City) responded to the accident. In an effort to clean up the accident scene, the officer asked plaintiff's employee to assist him in loading the bumper into the bed of the pickup truck. The officer injured his back when the employee dropped his end of the bumper. The officer's accident report clearly showed defendant as the insurer for the pickup truck.

One month later, on May 10, 1993, the City notified plaintiff by letter that the officer had sustained injuries, that plaintiff might be responsible, and that the City might seek reimbursement for any medical expenses or other benefits paid by it on the officer's behalf. Plaintiff stated in his affidavit that he immediately contacted the City and was advised that the letter had been sent on the misapprehension that plaintiff had towed the RFK vehicle.

One year later, on May 6, 1994, the police officer's private counsel likewise notified plaintiff of his intention to litigate his client's claims. Plaintiff responded to counsel that he was not responsible for the officer's injuries.

The City and the officer both commenced litigation against plaintiff on May 12, 1994, and August 3, 1994, respectively, for the injuries to the officer.

On September 20, 1994, plaintiff notified RFK's driver, by letter, of the claims by the City and the officer and asked him to contact defendant, as the insurer of RFK, or to allow plaintiff to contact defendant about the matter. The driver telecopied plaintiff's letter to defendant on October 5, 1994.

On November 4, 1994, plaintiff sent defendant the pleadings in both lawsuits with a letter demanding coverage. Defendant replied on December 16, 1994, and, while asking for additional information, advised plaintiff that it was denying coverage under the policy. On January 25, 1995, defendant further advised plaintiff by letter that it was denying coverage because plaintiff was not a permissive user of the insured vehicle and because plaintiff had failed to give notice of the claim in a timely manner as required by the policy.

On April 7, 1995, plaintiff filed a complaint seeking a declaratory judgment obligating defendant to provide coverage to plaintiff for the claims of the City and the police officer. Both parties filed motions for summary judgment on the issues of permission to use the pickup truck and notice.

The trial court granted plaintiff summary judgment, finding: (1) that loading the bumper into the pickup truck was a use of the pickup truck; (2) that plaintiff had implied permission from the owner of the pickup truck to load the bumper; and (3) that plaintiff was covered as an "insured" under defendant's policy for any injury sustained by the police officer. In addition, the trial court found that notice to defendant was timely as the case had not been set for trial and defendant was not prejudiced because it had adequate time to investigate the case. This appeal followed.

■ Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Graven v. Vail Associates, Inc.*, 909 P.2d 514 (Colo.1995). A "material fact" is one that affects the outcome of the case, and a determination whether there exists a genuine issue as to any material fact is itself a question of law. *Sender v. Powell*, 902 P.2d 947 (Colo.App.1995).

Here, in their motions for summary judgment, both parties claimed no dispute as to any material fact on the issues of delayed notice and waiver, and that judgment should be entered as a matter of law. On the issue of excuse, however, defendant pled in the alternative that the reasonableness of plaintiff's belief regarding liability and coverage should be submitted to a jury. We conclude there is no issue of material fact on this issue.

Our review of a summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

Questions as to notice, excuse, and waiver are generally regarded as questions of fact, unless the facts are not in dispute, in which case they may be resolved as a matter of law.

At the outset, we emphasize that plaintiff is seeking a defense and indemnity as an insured under defendant's policy insuring RFK, the owner of the pickup truck that was involved in the motor vehicle accident and into which the bumper was being loaded at the time the police officer was injured.

Under defendant's policy, an insured assumes the following duties:

a. In the event of 'accident,' claim, 'suit' or 'loss,' you must give us or our authorized representative prompt notice of the 'accident' or 'loss.'

b. Additionally, you and any other involved 'insured' must . . .

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'

Our supreme court has held that the terms "immediately" and "prompt" mean essentially the same thing—notice within a reasonable length of time under all facts and circumstances. *Certified Indemnity Co. v. Thun*, 165 Colo. 354, 439 P.2d 28 (1968).

■ Whether an insurance company has suffered prejudice as a result of delay is not a proper consideration in assessing compliance with the notice provisions of the policy. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981); *Graton v. United Security Insurance Co.*, 740 P.2d 533 (Colo.App.1987).

■ An unexcused delay in providing notice of a suit or claim relieves an insurer of its obligations to defend and indemnify under the policy. *Marez v. Dairyland Insurance Co., supra.*

■ We conclude, under the circumstances of this case, that the notice by plaintiff to defendant was not prompt or immediate. *See Certified Indemnity Co. v. Thun,*

*supra* (unexcused delay of 73 days not prompt and immediate notification); *Barclay v. London Guarantee & Accident Co.*, 46 Colo. 558, 105 P. 865 (1909) (unexcused delay of approximately 90 days not prompt and immediate notification).

Plaintiff implicitly concedes that, without more, notice was not timely, but maintains that, under the circumstances, timely notice was either excused or waived, or both. We conclude it was neither.

## I.

■ An insurer may waive compliance with notice provisions, negating any defense based on notice. *Federal Life Insurance Co. v. Wells*, 98 Colo. 455, 56 P.2d 936 (1936).

■ Relying on *Federal Life Insurance Co. v. Wells, supra; Flatiron Paving Co. v. Great Southwest Fire Insurance Co.*, 812 P.2d 668 (Colo.App.1990); and *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985), plaintiff argues that defendant has waived the late notice because it did not rely on it in its first letter. We conclude that the cited cases are distinguishable.

In *Federal Life Insurance Co. v. Wells, supra*, our supreme court affirmed a general verdict in favor of a beneficiary under an accidental death policy after the jury was instructed on, *inter alia*, waiver. The claim was not made for two years following the death of the insured. The insurer's initial response to the claim noted the late filing, indicated its position that it had no liability, and enclosed claim forms. The claimant responded with the claim forms and a statement that there was an adequate basis for excuse in not timely notifying the insurer. Later, however, the insurer denied coverage based on the policy without mention of any late notification issue. The late notification was not again mentioned until the insurer's answer in the litigation. Under these circumstances, the supreme court held that the failure to mention or rely on late notification in its letter of denial was sufficient to support a jury verdict of waiver of notice.

In *Flatiron Paving Co. v. Great Southwest Fire Insurance Co., supra*, the insurer was

notified within days of the loss by its insured, acknowledged the notification, and denied coverage based on the policy terms. The insured was sued, judgment against the insured was obtained, and the insured assigned its claim against the insurer to its judgment creditor. The litigation was commenced four years after the loss by insured's assignee and judgment creditor. The insurer argued it did not get timely notification of the litigation between the plaintiff and its insured. A division of this court held that notice of the litigation had been waived by the insurer when it denied coverage on the basis of the policy after receiving timely notice of the claim from its insured.

In *Colard v. American Family Mutual Insurance Co., supra,* waiver was found when the insurer denied coverage based on the terms of the policy and did not raise the notification issue until the declaratory judgment action following judgment against its insured on the merits of the claim.

Here, defendant indicated in its initial response to plaintiff that plaintiff "would not qualify as an insured under our policy" and, "in light of what we know at this time, we must deny coverage." The letter requested additional information. About one month later, on January 25, 1995, defendant denied coverage on the grounds that plaintiff was not an insured and it had not received timely notification.

The failure to mention the notification in the preliminary letter does not, without more, constitute a waiver of that defense. In *Wells,* the insurer denied coverage on the basis that there was no coverage under the terms of the policy and did not raise or rely on notification until it was in litigation on the coverage issue months, if not years, later. And, in *Colard* and *Flatiron,* the insurer raised the notification issue only after judgment on the underlying claim had been entered against the insured.

Because defendant did raise the notification issue in its final and timely denial letter, we conclude it did not waive a defense based on lack of notice.

## II.

■ Plaintiff also argues, relying on *Barnes v. Waco Scaffolding & Equipment Co.,* 41 Colo.App. 423, 589 P.2d 505 (1978) and *Colard v. American Family Mutual Insurance Co., supra,* that his reasonable belief that he was not liable for the officer's injuries excused his delay in providing notice. Again, the cases are distinguishable.

In *Colard,* the insured contractor did not notify his insurer of his customer's claims for negligent or unworkmanlike construction because of his good-faith belief that the insurance policy did not cover him with respect to the claims. This belief was based both upon ambiguities in the insurance contract with respect to coverage and on statements made by agents of the insurer and the insured's own counsel. The issue here is not coverage, the issue here is whether there is a good faith belief that there is no liability.

In *Waco,* the insured conducted an investigation and concluded it had no liability and did not notify its insurer until litigation was commenced against it by construction workers injured by the failure of a piece of equipment maintained by the insured. The insured in *Waco* was not given any notice, nor was any demand made, by an injured party indicating the existence of a claim or that litigation would be commenced to pursue the claim.

Plaintiff's argument fails to account for the specific provision of the policy that requires notice immediately following receipt of any request, demand, order, or notice concerning the claim. Here, plaintiff was notified twice, once by the City (17 months prior to the giving of notice to defendant) and once by the police officer's counsel (5 months prior to the giving of notice to defendant).

■ We hold that, if an insured has a contractual obligation immediately or promptly to notify his or her insurer following receipt of a demand or notice of a claim from an injured party or other claimant, then, upon receipt of such notice, the insured, as a matter of law, cannot, in good faith, believe he or she is without liability so as to excuse the failure to fulfill that obligation.

In summary, we conclude that defendant properly denied plaintiff coverage because he failed to comply with the notice requirement contained in the policy. Hence, plaintiff could not recover under the policy, irrespective of the other issues involved, and the trial court erred in entering judgment for him.

Because our decision on this issue sufficiently disposes of the case, we do not address the arguments regarding permissive use.

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment for defendant.

HUME, J., concurs.

METZGER, J., specially concurs.

Judge METZGER specially concurring.

Although I concur in the result reached in this case, I would not adopt the bright line rule expressed by the majority concerning excusable delay in giving notice to an insurer.

The law is clear that the determination of justifiable excuse or excusable neglect in giving notice to an insurer is a question of fact to be determined by an assessment of all the surrounding facts and circumstances measured against a reasonable person standard. *Massachusetts Protective Ass'n v. Daugherty,* 87 Colo. 469, 288 P. 888 (1930); *Barnes v. Waco Scaffolding & Equipment Co.,* 41 Colo. App. 423, 589 P.2d 505 (1978); *Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo.App.1985). Thus, while a demand or notice of claim from an injured party is a factor to be considered, it is not necessarily the sole factor.

I see no purpose to depart from established law and would continue to adhere to the rule that all facts and circumstances concerning delayed notice should be considered.